Argued and submitted February 5, reversed June 23, 1981

# STATE OF OREGON,
*Petitioner,*

*v.*

# RICHARD SCOTT HARRIS,
*Respondent.*

(CA 16552, SC 26269)

630 P2d 332

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for petitioner. With him on on the briefs were James M. Brown, Attorney General, and William F. Gary, Deputy Solicitor General, Salem.

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for respondent. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

LENT, J.

### LENT, J.

The issue is whether defendant's rights under ORS 136.040[1] were violated when his burglary trial continued in his voluntary absence. We hold they were not.

Defendant was charged with burglary, a felony. Pending outcome of his trial, he had been released from custody. ORS 135.230 to 135.270. Trial commenced upon a Thursday and continued through Friday with defendant present. The state had rested at midafternoon on Friday. Defendant's father and three brothers completed their testimony as defense witnesses at about 4:15 that afternoon. Defendant had another witness under subpoena, who had informed the court that she could not appear that afternoon because of illness. The court recessed until the following Monday morning.

On Monday morning neither that witness nor defendant appeared for continuation of the trial. Defendant's counsel informed the court that he had not heard from defendant and that counsel had been unsuccessful in attempts to reach defendant or ascertain his whereabouts by telephone calls to defendant's father and brother. The court ordered warrants for the arrest of both the witness and the defendant and excused the jury until the following morning.[2]

On Tuesday morning the witness was present but defendant again failed to appear. His counsel stated:
"I have made all the phone calls that I could, Your Honor, and looked for him personally yesterday and phoned again last night and made one phone call to a number that he once called me from. I have exhausted all possibilities that I have of locating him.
" * * * * *

---

[1] ORS 136.040 provides:

"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if he appears by his counsel; but if it is for a felony, he shall appear in person."

[2] Defendant has not contended that the trial court prejudiced him in any way *in the manner* in which the trial court handled defendant's absence vis-a-vis the jury. The trial court was extremely careful not to do anything to indicate to the jury that the defendant was voluntarily absent or that the defendant's absence was the reason for any delay in proceeding with the trial at the various times that delay occurred.

" * * * I think it would be a denial of due process for the trial to continue without the Defendant present. I don't know where he is. I don't have any explanation for his absence.

"He may have a perfectly valid reason for not being here. I can't imagine what it is, and in the present posture of the case, I've told the jury that I'm sure his testimony will be important to the defense, so it would seem to me that the Defendant's — I mean the District Attorney's argument [that the trial should go forward] at this point is at least premature.

"If this were a case where the Defendant intentionally absented himself, and if we could show to the Court that that was the case, then we would have a different problem.

"* * * * *

"I simply don't know where he is. He isn't here. For that reason, I don't think we can presume that he's intentionally absenting himself."[3]

The record further discloses that defendant's counsel and an investigator for the district attorney on Monday had tried to find defendant at "those places where the Defendant normally was" and had advised his family that he was wanted in the courtroom.

Defendant's counsel requested that the case be continued for another day "to give me a chance to try and locate this man." Counsel told the court that there were some persons that he had not been able to reach who might be able to help him find defendant. The court granted the request and recessed the trial until Wednesday morning.

On Wednesday morning defendant again failed to appear. Counsel stated: "I left messages with everybody. I just don't know where he is."

Defendant's counsel argued that it could not be concluded on this record that defendant had waived his right to be present. The court found that defendant had voluntarily absented himself. The judge stated:

"Well, I'm going to proceed on the assumption that Mr. Harris has voluntarily absented himself. * * *

---

[3] In order to obtain his release from custody pending outcome of his trial, defendant had agreed in writing, among other things, to maintain telephone contact with his counsel, to live with defendant's father and to maintain his job with a certain employer. Of course, he had also agreed to appear for his trial.

" * * * * *

"There's no question but what Mr. Harris' absence has put him at a disadvantage, but that's of his own doing, so I'm going to proceed with the trial."

The defense then called the witness who had failed to appear on Monday and another defense witness and thereupon rested. The state presented no rebuttal evidence.

The jury found defendant guilty. At the time of sentencing defendant also pleaded guilty to an additional charge of "failure to appear in the first degree" arising out of his absenting himself from the burglary trial. ORS 162.205. Defendant described what had occurred after the Friday afternoon recess in his burglary trial:

"I didn't show up for Court; I mean for the rest of the trial.

" * * * * *

"I didn't appear. I didn't appear on the advice of my father, that's why. He wanted a new trial. I think [burglary defense counsel] remembers that. He didn't like the competency of my attorney, [burglary defense counsel], and he figured that failure to appear would probably be dismissed. I don't know where he got that, but I've just been listening to my father for a long time, and I just listened to him this time * * *."

Upon appeal from the burglary conviction, defendant assigned as error the trial court's order to proceed with the trial in his absence. He relied upon ORS 136.040, quoted in footnote 1, contending that the statute afforded him greater protection than did the "federal constitution" and that even if he were voluntarily absent, either a continuance or a mistrial should have been granted.

The Court of Appeals reversed. *State v. Harris,* 47 Or App 529, 614 P2d 628 (1980). That court found that there was no basis at the time the trial was ordered to proceed for the trial judge to find that defendant was voluntarily absent. The court characterized the defendant's admission at the time of sentencing as a *"retroactive"* or *"ex post facto"* waiver of his right to be present under ORS 136.040. The court stated it would not recognize "such an after-the-fact waiver." The court then held that the trial

court erred in proceeding with the trial in absence of a "contemporaneous waiver of the defendant's statutory right to be present."

It appears that the Court of Appeals was largely influenced by its view as to the better of two choices concerning utilization of judicial resources. The court pointed to the waste of judicial resources which would occur should a court proceed with trial in a defendant's absence only to discover eventually that he had a valid excuse for his absence. The court noted, on the other hand, the potential wastefulness of aborting a trial where there is no valid excuse for a defendant's failure to appear. The court concluded that postponing the trial is the better alternative because a defendant without a valid excuse may be punished both for contempt and for failure to appear and that such sanctions are preferable to conducting a felony trial *in absentia.*

We allowed the state's petition for review, ORS 2.520, 290 Or 211 (1981), to consider whether there was a basis for the trial court to find "contemporaneously" that defendant waived his right to be present.

### Basis for Trial Court's Finding of Waiver by Failure to Appear

Defendant relied only upon ORS 136.040, and although we have quoted it in note 1, *supra,* we shall again set it forth for convenience:

> "If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if he appears by his counsel; but if it is for a felony, he shall appear in person."

This court has construed the statute to be one affording a right to the defendant to be present at his felony trial.[4] In *State v. Chandler et al.,* 128 Or 204, 274 P 303 (1929), in the absence of the defendant, who was held in the jail, the trial judge had discharged the jury for inability to agree. The defendant interposed a claim of

---

[4] Were we writing on a clean slate and looking at *nothing but the language* of this section, we might well conclude that the language preceding the semicolon gives to the defendant a right to appear by counsel only on trial of a misdemeanor charge, but imposes upon the defendant a duty to be present personally for trial upon a felony charge.

former jeopardy when the state attempted to try him again. This court held he could not be again tried because of the failure to have him present when the jury was discharged. This court seemed to treat the statute as a codification of a right which actually existed independently of the statute:

> "If there is anything fundamental and well established in criminal procedure it is the right of an accused person, on a felony charge, to be present during all of the trial. The statute, Section 1512, Or. L., in mandatory language provides: 'If it be a felony he must be present in person.' His presence is essential to the validity of the proceeding. Assuming there was a legal necessity for the discharge of this jury, it could not be done in the absence of the defendant, who at that time was confined in jail. The presence of the accused is not a mere form. It is a sacred and inalienable right which has been won through the struggle of the ages. * * *"

128 Or at 208.[5]

The Court of Appeals has not taken the position that this statutory right cannot be waived; rather, that court expressly acknowledged that the statutory right can be waived. 47 Or App at 532.

■ The defendant's position is that there was not sufficient information for the trial judge to find that the defendant had voluntarily absented himself. The Court of Appeals, excluding from consideration the later admission by defendant at sentencing, decided that there was no information from which the trial judge could find that defendant was voluntarily absent.

Neither the defendant nor the Court of Appeals has suggested that the trial court had to take *evidence* to afford a basis for the decision that defendant had voluntarily absented himself. The trial court's decision to proceed was obviously not based upon sworn testimony or other evidence, as such. Rather, it was based upon the trial judge's own knowledge of what had transpired before him, the statements of defendant's counsel, the trial judge's own

---

[5] We have held that the absence of the defendant may be nonprejudicial. *State v. Savan,* 148 Or 423, 36 P2d 594, 96 ALR 497 (1934) (defendant not present when prospective juror excused); *State v. Beeson,* 248 Or 411, 434 P2d 460 (1967) (defendant not present when court declined to answer question from the jury).

judicial experience[6] in matters of this kind and, we believe, a certain measure of common sense and judgment.

Information available to the trial judge when he ordered the trial to proceed was the following: Defendant was present in court on Friday when the trial judge announced that the trial would resume on Monday morning. Defendant's counsel had told the jury that defendant would testify, and as of the time of recess on Friday defendant had not yet testified. He must have expected that there was still to come a part of his trial in which he would testify. He had not communicated in any manner with his counsel by Monday morning. His counsel had been unable to communicate with defendant by telephone calls to his brother or father, with whom defendant had agreed to reside. On Tuesday morning the trial judge was informed that an investigator from the district attorney's office and defendant's counsel had searched for defendant in his usual haunts and had advised defendant's family of the necessity of his appearance in court. Moreover, defendant's counsel had made telephone calls to every number he thought might be of avail in reaching defendant but had been unable to reach him. Defendant's counsel had indicated there might be other persons who would have information but that he had been unable to reach them. On Wednesday morning the trial judge had information that counsel had left messages with "everybody" and still had not heard from defendant.

---

[6] On Tuesday during the colloquy, the trial judge made observations in response to the district attorney's remarks:

"[C]ertainly if the Defendant had a valid reason for not being present, the Defendant could always move against the judgment by the jury, and I assume if the Court makes a finding that there was a valid reason for the Defendant not being present, that it could then be set aside, the verdict, and —

"THE COURT: Yes, I'm not particularly concerned with that. It seems to me if he has a valid reason for not appearing in court that could be dealt with at the time, if it should occur. I can't recall in my experience of being aware of such a situation.

"Ordinarily when people fail to appear during a trial, my experience is it's because they have simply lost interest in the proceedings and are viewing the outcome with a certain foreboding."

These remarks were made by a trial judge who had been on the circuit court bench for some six years at the time of this trial.

The Court of Appeals characterized all of the above as failing to present any reason for defendant's absence. It is true that the information does not, of itself, present a reason. That is not the same, however, as saying that the information fails to provide a basis for the trial judge to draw inferences and otherwise reason to the conclusion that defendant had voluntarily absented himself.

The Court of Appeals stated: "For all the court then knew, defendant could have been injured or become ill or even have been kidnapped." It is true that *those possibilities* and countless others existed; by definition any *possible* reason *could have* existed. It seems, however, *more probable* that if defendant were injured or ill, barring amnesia, that fact would be known to the very persons that defendant's counsel had sought out, especially over the number of days inquiry had been made. There was certainly nothing to indicate that the defendant was a likely target for kidnappers or had, nevertheless, been kidnapped.

There was simply no information before the trial judge to afford a basis for anything other than pure speculation that defendant was involuntarily absent.

We conclude that there was ample information from which the trial judge could conclude *at the time* that defendant had voluntarily absented himself.

Incidentally, as we noted above, the defendant later admitted that he had voluntarily absented himself. We would not characterize that admission as did the Court of Appeals as a "retroactive" or *"ex post facto"* waiver. We find it to be nothing more or less than an admission that defendant had indeed sought to disrupt the judicial process in the hope that he might thereby gain some unwarranted advantage. We do not view this later admission as affording any basis for upholding the trial judge's decision.

## Defendant's Position on Waiver

We are not sure we follow defendant's argument concerning waiver asserted in his brief on appeal. It will be remembered that in his counsel's colloquy with the court on Tuesday, counsel twice implied that if defendant's absence were voluntary, the trial should proceed. In his brief,

however, after discussing cases holding that if a defendant voluntarily absents himself, he waives his constitutional rights concerning confrontation and due process, defendant asserts that

> "the legislature expanded protection of criminal defendants subject to felony charges beyond federal constitutional requirements in ORS 136.040. Such expansion of protection is permissible * * *, and there is a sound rationale for it. The state has an alternative remedy in charging failure to appear under ORS 162.205 which renders the spectre of requisite mistrials less severe. Even if defendant were voluntarily absent in this case, then, either a continuance or mistrial should have been granted."

We have no trouble with the proposition that the Oregon legislature can statutorily afford greater protection from criminal prosecution than does the constitution, whether "federal" or state. We do not see, however, how that prevents the defendant from waiving the statutory right to be present by voluntarily absenting himself as he did here.

Finally, the assertion that his voluntary absence should automatically result in a continuance or mistrial is, for all that appears in defendant's brief, without authority, and without reason. We are unable to supply a convincing reason. The state has supplied to us authority to the contrary.

The Utah Supreme Court has considered the matter. The comparable statute provided:

> "If the prosecution is for a felony, the defendant must be personally present at the trial, but if for a misdemeanor, the trial may be had in absence of the defendant."

As in the case at bar, defendant was at liberty and the state rested on Friday. The defendant requested a recess to a day certain to procure a witness, and the court acceded. On that day certain, neither the witness nor the defendant appeared. In the words of the court, without elaboration in the report of the decision, neither "could be found." The decision was premised on the fact of a voluntary and intentional absconding. The court held that the right under the statute could be waived. Said the court in support of that holding in *State v. Myers*, 29 Utah 2d 254, 256, 508 P2d 41, 42 (1973):

"In the administration of justice a court cannot be rendered helpless and impotent by the devious and cunning ways adopted by the defendant in this case. The great weight of authority sustains this proposition.[4] To hold to the contrary would permit a mischievously inclined defendant to profit by his own wrongdoing and would be unfair to those individuals accused of crime who are not inclined to abscond, because the courts would tend to revoke bail and hold all defendants in custody to assure their presence at all times during the trial.

"4.   See 21 Am. Jur.2d Criminal Law § 286, p. 317; Hanley v. State, 83 Nev. 461, 434 P.2d 440 (1968); Diaz v. United States, 223 U.S. 442, 32 S. Ct. 250, 56 L.Ed. 500; Mulvey v. State, 41 So.2d 156 (Fla. 1949)."

We do not necessarily agree with the Utah court's view that a contrary result would encourage courts to revoke bail and hold all defendants in custody, but we do agree that our very similar statute should not and does not afford a tool for the use of the "devious and cunning" defendant.

■        We reject the bald assertion that the defendant cannot waive the statutory right to be present.

Reversed.