Argued and submitted June 28, reversed and remanded for a new trial October 25, 1989

# STATE OF OREGON,
## *Respondent,*

*v.*

# FRANK R. TURNER,
## *Appellant.*

(CR8-1804-JT; CA A50453)

781 P2d 404

Glenn N. Solomon, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his conviction by a jury for second degree criminal trespass. ORS 164.245. He assigns error to the trial court's conducting the trial without his presence and to its denial of his motion to suppress. We reverse.

■ ORS 136.040 permits the court to conduct a trial in the defendant's absence if the charge is a misdemeanor and the defendant appears by counsel.[1] Before doing so, however, the court must determine that the defendant voluntarily waived the right to be present. *State v. Harris,* 291 Or 179, 630 P2d 332 (1981); *see also In re Jordan,* 290 Or 669, 624 P2d 1074 (1981). Here, defense counsel told the trial court that he did not know why defendant had not appeared and asked that the court continue the case. He also informed the court that he had notified defendant by phone of the time and place of the trial and had told him that the court could issue a warrant if he failed to appear. The court ruled that, because defendant had been notified of his trial date and had failed to appear, he had waived his right to be present.

■ In *Harris,* as in this case, the trial court appears to have based its decision to proceed in the defendant's absence primarily on its knowledge that the defendant had had actual notice of the trial time and place. From that, both courts inferred that the defendant's absence was voluntary. The court is permitted to make that inference, even when the facts available to it do not provide a reason for the absence. The court is not obligated to speculate about reasons why the absence might be involuntary. *State v. Harris, supra,* 291 Or at 187.

■ Despite that similarity, however, *Harris* is distinguishable. In *Harris,* the defendant had appeared for two days of trial and knew that the case was continued to the following Monday. On Monday, both the defendant and a witness whom the defendant had subpenaed failed to appear. The defendant's counsel informed the court that he had been unable to reach the defendant or to determine his whereabouts

---

[1] ORS 136.040 provides:

"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."

by telephone calls to his brother or father, with whom the defendant was supposed to be living under the terms of his custody release agreement. The court ordered arrest warrants for the defendant and the witness and excused the jury until Tuesday morning. On Tuesday the defendant again failed to appear. Counsel informed the court that he had tried to find the defendant "at those places where defendant normally was" and had told his family that he was wanted in court. *State v. Harris, supra,* 291 Or at 182. The court then granted counsel's request that the case be continued for another day so that he could try again to locate the defendant. He was unable to by Wednesday. Only then did the court decide that the failure to appear was voluntary.

Here, the court knew only that defendant was not present and that his lawyer had said that he had told him of the time and place of trial. He did not permit any additional opportunity for counsel to attempt to produce him or to discover why he failed to appear. We hold that, on only those facts, the court erred in denying defendant the opportunity to appear at trial.

■ Defendant also assigns error to the denial of his motion to suppress evidence obtained as the result of an allegedly invalid arrest. Defendant fails to point out any evidence derived from the arrest that should have been suppressed. As far as we can determine, the court's denial of the motion to suppress, as a practical matter, made no difference in the outcome of the trial. Therefore, the denial of the motion to suppress, if an error, was harmless error.

Reversed and remanded for a new trial.