STATE OF OREGON,
*Respondent,*

*v.*

EVANS ALEXANDER PETERS,
*Appellant.*

(DA 388421-8902; CA A68286)

850 P2d 393

David E. Groom, Portland, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

t

## RICHARDSON, C. J.

Defendant appeals his conviction for theft in the third degree. ORS 164.043. He argues that he did not voluntarily waive his right to be present at trial or his right to a jury trial. We affirm.

Defendant was charged with third degree theft in February, 1989. He failed to appear on the charge several times, and the trial court issued a series of bench warrants.[1] In September, 1990, after defendant had been taken into custody on one of the warrants, a hearing was held to determine whether he should be released pending trial. At that time, defendant signed a conditional release agreement that provided that, if he failed to appear at trial, the trial would proceed in his absence, and his attorney could choose whether that trial would be to the court or to a jury. When defendant failed to appear at trial, his counsel elected to try the case to the court, and defendant was convicted.

■     Defendant argues that the release agreement was not a valid waiver of his constitutional right to be present at his trial, because it was not voluntary.[2] He argues that, under *State v. Harris*, 291 Or 179, 630 P2d 332 (1981), and *State v. Turner*, 99 Or App 176, 781 P2d 404 (1989), voluntary absence requires a showing that he had actual knowledge of the date and place of his trial.

In *State v. Harris, supra,* the defendant had appeared for two days of trial and knew that the case was scheduled to resume on the following Monday. After he failed to appear, the trial court allowed his counsel two consecutive continuances in order to locate the defendant. When he failed to appear on the third day, the court found that the defendant was voluntarily absent and proceeded without him. The Supreme Court affirmed, holding that, on those facts, the court could infer that the defendant had voluntarily waived his right to appear.

---

[1] Apparently, defendant had a history of non-appearances. Defendant had failed to appear at least 28 other times on traffic and criminal offenses.

[2] Article I, section 11, of the Oregon Constitution provides, in pertinent part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel."

In *State v. Turner, supra,* when the defendant failed to appear at trial, his counsel explained to the court that he did not know why the defendant had not appeared and that he had informed the defendant of the time and place of the trial. Counsel requested a continuance, which the court denied. It held that the defendant had waived his right of appearance and proceeded to trial. On appeal, we reversed. In reaching that conclusion, we compared the facts in *Turner* with those in *State v. Harris, supra,* and concluded that, on the limited facts in *Turner,* there was not a basis to conclude that the defendant had voluntarily waived his right to be present at trial.

From *Harris* and *Turner,* defendant implies a general requirement that waiver of the right to appear requires evidence that he knew the date and time of trial. We decline to infer such a requirement from factual contexts which are substantively different from this case. In *Harris* and *Turner,* the waiver of the defendants' right to be present turned on whether the defendants' non-appearance and additional facts were sufficient for the trial court to *infer* a valid waiver. Here, we must determine the validity of a signed, written waiver.

The release agreement defendant signed provided:

"I understand that being released without posting bail prior to my trial is a privilege. As such, I agree to the following conditions as a condition of my release:

"1)    It is my obligation to keep in touch with my lawyer or with the court if I represent myself. Schedules may change so I know I must keep in constant contact with my attorney or, if I am representing myself, that I must keep in constant contact with the court. I also know that I must provide my lawyer or the court a mailing address and inform my lawyer or the court of any address changes immediately.

"2)    I know I must make all of my court appearances and be on time. If I fail to make a court appearance I know that the court may;

"a)    Issue a warrant for my arrest and/or

"b)    Schedule my case for trial.

"3)    If I do not appear for my trial, I agree that my case may be tried without my presence in court. This means that my lawyer will probably not be able to effectively defend

me and I may lose my right to call witnesses, confront the witnesses called to testify against me, and other valuable rights.

"4)  Initial only one option — a) or b) — Not both

"a)  I do not admit that I am the person named in the complaint and that I was present at the scene of the crime (identification is an issue in my case.) I therefore agree to allow my mug-shot to be taken and used at my trial if I do not appear for trial. /s/ E.A.P. (initials)

"b)  I agree that I am the person named in the complaint and that I was at the scene of the crime (identification is not an issue in my case). _____ (initials)

"5)  Initial only one option — a) or b) or c) — Not more than one

"I recognize that I have a right to a jury trial on any crime unless I waive that right in writing. If I do not appear for trial:

"a)  I wish my lawyer to try my case to a jury whether or not I am present. _____ (initials)

"b)  I am waiving my right to have a jury decide my case and wish to have a judge decide my case. _____ (initials)

"c)  I recognize that I have a right to a jury trial on any crime unless I waive that right in writing. If I am represented by an attorney, I agree to let my attorney decide on whether I should have a court or jury trial, and this document may be used as my written waiver of jury trial. If I am representing myself, and I do not appear at trial, I agree to waive my right to a jury trial. /s/ E.A.P. (initials)

"6)  I understand that if I appear at my trial that I have the right to testify, or not to testify, and [if] I do not testify, this fact could not be used against me in any manner.

"7)  I have fully read and do understand what is in this agreement. I further understand that if I do not appear on my trial date and if the trial proceeds without me, I will be giving up the right to testify in my defense."

■     For a waiver of appearance to be valid, the record must demonstrate that the defendant intentionally relinquished a known right. *In re Jordan*, 290 Or 669, 673, 624 P2d 1074 (1981). At the time defendant signed the agreement, he had consulted with his attorney, who was present. His attorney stated on the record that he recommended that defendant not sign the agreement containing the waivers and that he had explained the reasons for the recommendation to defendant. Defendant not only signed the waiver, but additionally wrote on it that he was doing so against the advice of his attorney. The court admonished defendant twice that, if he failed to appear, the trial could proceed without him. Both the waiver form and the court explained the impact on defendant's other rights if he failed to appear at trial. Under these facts, the court did not err by finding that defendant intentionally waived his known right to appear by failing to appear.

Defendant also contends that the waiver was coerced, because he was anxious to be released from jail. At the time of the arraignment, the court refused to release defendant on his own recognizance or on the recognizance of a third party, because of his many previous non-appearances. Each time he failed to appear for trial, it had to be postponed. Defendant had the choice of staying in jail, posting bail or agreeing to the waiver. Initially, defendant's attorney suggested the waiver and the court agreed.[3] On appeal, defendant suggests that, because the waiver was obviously his best option, it was coercive. The record shows that defendant exercised an informed choice in agreeing to the waiver. Furthermore, the facts do not indicate that defendant was prevented from appearing at trial. The court did not err in proceeding to trial without defendant.

■     In his second assignment, defendant contends that the release form does not constitute a proper waiver of his right to a jury trial. The conditional release and waiver defendant signed included provisions regarding his right to a jury trial that became effective if he failed to appear. The form allowed defendant two choices: he could choose a trial by jury or by the court, or he could allow his attorney to make the

---

[3] Upon reflection, defense counsel then advised defendant against signing the waiver.

choice at the time of trial if he failed to appear. The latter provision stated that, if defendant selected that option and the attorney chose a court trial, the form constituted a waiver of his right to a jury trial. Defendant selected that option.

■ To be effective, a waiver of a defendant's right to a jury trial must be in writing and made with the consent of the court. Or Const, Art I, § 11; ORS 136.001. Moreover, the waiver must be the product of an intelligent and competent decision to relinquish the right. *State v. Villareall*, 57 Or App 292, 295, 644 P2d 614 (1982). The waiver clearly explained the effects of waiving a jury trial. Defendant consulted his attorney, who was present, and he expressly noted on the waiver form that he was signing it despite his attorney's advice. Defendant signed the waiver form and the judge accepted it. Under those facts, defendant waived his right to a jury trial.

■ Defendant argues that the waiver was not "normal," because it did not occur at trial. There is no requirement that a jury trial waiver be executed at trial. *See State v. Villareall, supra*, 57 Or App at 296-98. Defendant also argues that his attorney could not waive his right to a jury trial. Defendant's attorney did not waive defendant's right to a jury trial. Defendant waived the right by signing the form and then choosing not to appear at his trial.

Affirmed.