Argued and submitted June 25, restitution vacated; remanded for resentencing; otherwise affirmed October 1, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANK LOREN KESCH, JR.,
*Appellant.*

(C952331CR; CA A93129)

946 P2d 322

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from an order of restitution entered in his absence. The only issue is whether defendant waived his statutory right to be present at all stages of a trial, including sentencing. *See* ORS 137.030, ORS 137.040 and ORS 137.106. We reverse and remand for resentencing.

Defendant pled guilty on December 18, 1995, to burglary in the first degree and was sentenced to 24 months in prison. During sentencing, the state requested restitution. Defendant objected because the restitution amount lacked documentation. The trial judge postponed sentencing on restitution until the necessary documentation was complete. The trial judge stated that, if defendant objected to the amount, there would be a hearing. That day, the trial judge entered the written judgment, which provided:

"The following shall be paid as part of the money judgment:

"1.   Pay restitution to victim(s) in an amount to be determined by the District Attorney's Office within 30 days of this date; defendant is allowed 21 days after notification of amount to request a formal restitution hearing. Lost contact with defendant is not a legitimate reason to object to the restitution amount requested. If defendant does not maintain contact with attorney for 40 days, defendant thereby waives any objection to the restitution amount requested by the state."

This document was marked "cc: def atty 12/18/95." However, the record lacks any evidence that defendant received a copy of it, and the state concedes that the trial judge did not explain the written judgment to the defendant. Ultimately, a hearing was held to set the restitution amount. Defendant was not present and defense counsel informed the court that defendant was in prison in Arizona and that he had not had contact with defendant since the original sentencing. Defense counsel stated that he had sent notices of the hearing to defendant's last known address.[1] The amount of restitution was set over the objections of defense counsel.

[1] The record does not indicate if that last known address was his address in prison.

■■ A criminal defendant may waive the statutory right to be present during any stage of criminal proceedings. *State v. Harris*, 291 Or 179, 189, 630 P2d 332 (1981). A valid waiver requires the intentional relinquishment of a known right. *In re Jordan*, 290 Or 669, 672-73, 624 P2d 1074 (1981). We accept the trial court's findings of historical fact and review for error its conclusion of law that defendant waived his right to be present at the restitution hearing. We hold that the facts do not support a finding that defendant voluntarily waived his statutory right to be present at the restitution hearing.

■ The state relies on *State v. Peters*, 119 Or App 269, 850 P2d 393 (1993), and *State v. Harris*, 291 Or 179, 630 P2d 332 (1981). This reliance is misplaced. In *Peters*, we upheld a conditional release agreement which provided that if the defendant failed to appear for trial, he waived his right to a jury trial and to be present at his trial. The defendant signed the conditional release agreement. *Peters* is distinguishable from the present case, where the record contains no evidence that defendant received a copy of the trial court's written judgment, let alone signed it. In *Harris*, the Supreme Court affirmed a trial court's finding that the defendant, who did not show up on the third day of his trial, had voluntarily waived his right to be present. The court held that "there was ample information" for the trial court to conclude that the absence was voluntary. 291 Or at 187.

Defendant relies on *State v. Turner*, 99 Or App 176, 781 P2d 404 (1989). In *Turner*, the record indicated that the defendant failed to appear for his trial even though he was aware of the date set. We held that the trial court erred when it held the trial in the defendant's absence. 99 Or App at 179. The defendant's mere absence despite his awareness of the date, time, and place of his trial did not show he "voluntarily" waived his right to be present. *Id*.

Here, defendant was in prison in Arizona and lacked the ability to be present without transportation by the Department of Corrections. Additionally, there is nothing in the record to indicate that defendant was aware of the proposed waiver in the trial judge's written judgment. While the state asks us to "assume" defendant received a copy of this

written judgment, "presuming waiver from a silent record is impermissible." *Carnley v. Cochran*, 369 US 506, 516, 82 S Ct 884, 8 L Ed 2d 70 (1961). The record in this case does not support a finding that defendant voluntarily waived his statutory right to be present at his restitution hearing.

Restitution vacated; remanded for resentencing; otherwise affirmed.