On appellant's and respondent's joint motion for reversal and remand filed
February 28, vacated in part; remanded in part May 29, 2003

STATE OF OREGON,
*Respondent,*

*v.*

TODD FRANKLIN MASSIE,
*Appellant.*

011052074; A117713

69 P3d 1236

Peter A. Ozanne, Executive Director, Office of Public
Defense Services, and Laura Frikert, Deputy Public
Defender, and Hardy Myers, Attorney General, Mary H.
Williams, Solicitor General, and Kaye E. McDonald,
Assistant Attorney General, for motion.

Before Brewer, Presiding Judge, and Deits, Chief Judge,
and Wollheim, Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendant and the state have filed a joint motion for an order vacating the restitution order in this case and remanding it to the trial court for a further hearing to set the amount of restitution. We grant the motion.

Defendant pleaded no contest to fourth-degree assault. At sentencing, the trial court found that defendant had the ability to pay fines, restitution, and fees over a two-year period. The court suspended imposition of sentence, placed defendant on two years' supervised probation with conditions, and ordered him to pay a $300 fine, a unitary assessment, attorney fees, collection fees, and restitution in an amount to be determined within 30 days or, if the parties were unable to agree upon an amount within that time, at a hearing.

The parties were unable to agree on an amount of restitution, and the court set a hearing. On the hearing date, defendant's attorney appeared, as did the prosecutor and the victim, but defendant was not present. Defendant's attorney informed the court that defendant probably had not received notice of the hearing time. Over defendant's attorney's objection, the court nonetheless decided to proceed with the restitution hearing in defendant's absence. The court imposed restitution in the amount of $640.64.

On appeal, defendant asserts that the trial court erred in proceeding with the restitution hearing when he was not personally present. The state concedes that the court erred, and we accept that concession. A defendant has a statutory right to be present at all stages of a trial, including sentencing and, as pertinent here, at a restitution hearing. ORS 137.030; ORS 137.040; ORS 137.106(3); *State v. Kesch*, 150 Or App 288, 290-91, 946 P2d 322 (1997). In *Kesch*, we held that, in order for restitution to be set in the defendant's absence, the defendant must have waived his statutory right to be present at the restitution hearing. *Id.* at 291. We held that a "defendant's mere absence despite his awareness of the date, time, and place of his trial did not show he 'voluntarily' waived his right to be present." *Id.*

The record in this case does not show that defendant received notice of the time set for the restitution hearing or that he voluntarily waived his right to be present. It follows that the trial court erred in holding the restitution hearing when defendant was not personally present.

Order imposing restitution vacated; remanded for new hearing to set amount of restitution.