**Isaias BELTRAN, Petitioner—Appellant,**

v.

**Robert O. LAMPERT, Respondent—Appellee.**

No. 05–35095.

D.C. No. CV–02–01232–HU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Jan. 10, 2006.

Lisa Hay, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Petitioner Isaias Beltran appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254, claiming that he received ineffective assistance of counsel at his *in absentia* trial in state court as well as at the subsequent appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's decision.

■ To merit habeas relief for his claim concerning his appellate counsel, Beltran must demonstrate that the state court's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

post-conviction adjudication of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The application of law must be "objectively unreasonable," not just "incorrect or erroneous." *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). In light of this standard, we hold that it was reasonable for the state post-conviction court to find that, even if Beltran's appellate counsel had appealed the propriety of the *in absentia* trial, the appeal would not have been successful. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring ineffective assistance claims to show prejudice). In particular, the information Beltran received regarding his trial and the trial certification form that he completed and signed could reasonably be deemed sufficient under both federal and state law to constitute a knowing and voluntary waiver of his right to be present at his trial. *See Brewer v. Raines,* 670 F.2d 117 (9th Cir.1982); *State v. Kesch,* 150 Or.App. 288, 946 P.2d 322 (1997); *State v. Peters,* 119 Or.App. 269, 850 P.2d 393 (1993).

Beltran's claim regarding the performance of his trial counsel is procedurally defaulted, and the new evidence he offers fails to merit application of the actual innocence exception to procedural default. Uncorroborated allegations by children can be sufficient to justify conviction. *See People of Territory of Guam v. McGravey,* 14 F.3d 1344, 1345–47 (9th Cir.1994). This is so even where evidence contradicts a child victim's account of the physical environment. *Bruce v. Terhune,* 376 F.3d 950, 953, 958 (9th Cir.2004). Here, Beltran's assertions and the evidence he offers to

discredit a witness do not indicate that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

**AFFIRMED.**