Argued and submitted December 7, 2005, reversed and remanded February 8, 2006

# STATE OF OREGON,
*Appellant,*

*v.*

# DOLORES ANNA SKILLSTAD,
*Respondent.*

## 026398 & 036155; A123975

129 P3d 232

Erika Hadlock, Assistant Solicitor General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jill Smith, Assistant Attorney General.

No appearance for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Defendant was charged with two counts of second-degree criminal mischief, a misdemeanor. ORS 164.354. Defendant, who was not represented by counsel, signed and filed a waiver of appearance for trial.[1] She then failed to appear for trial. The court proceeded in her absence and convicted her on both counts. Defendant filed a motion for a new trial, asserting that ORS 136.040(1)[2] conferred on her an absolute right to appear at trial, either in person or through counsel. The trial court granted defendant's motion, and the state appeals. We reverse and remand.

After defendant was charged and arraigned, trial was set for July 17, 2003, in the Clatsop County Circuit Court. Defendant failed to appear for docket call, so the court issued a warrant for her arrest. She was arrested, and the court rescheduled trial for August 27. Defendant again failed to appear for docket call, and the court again rescheduled trial. When defendant failed to appear for docket call a third time, she was again arrested. The court rescheduled trial for December 9 and again released defendant, but, as part of her release agreement, defendant signed and filed a waiver of appearance for trial. Among other things, the waiver stated the following:

"3)   I will appear in court on time for all scheduled hearings. If I fail to appear for any court hearing or trial for any reason, I know that the Court may issue a warrant for my arrest and/or forfeit any security posted and/or proceed to trial in my absence.

"4)   If I fail to appear for trial and the case is tried in my absence, I understand that I will lose my right to cross-examine witnesses called by the state and the right to call witnesses to testify for me. I understand that I have the right to decide whether or not I will testify, and if I choose not to testify it cannot be used against me in any way. If I

---

[1] The validity of defendant's waiver of counsel is not at issue in this appeal.

[2] ORS 136.040(1) provides, "If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."

fail to appear for trial, I know I will lose my right to testify in my behalf. I also may lose other valuable rights."

The release agreement, which defendant also signed, informed her of the following:

"You are going to be released prior to trial pursuant to the Clatsop County Matrix Release System. Because of your background, you did not qualify for a recognizance or conditional release. However, in consideration for your agreement to have the trial proceed without you being present, you will be released on a conditional release agreement.

**"YOU MUST STILL ATTEND YOU[R] TRIAL. IF YOU FAIL TO DO SO, YOU ARE AUTHORIZING THE COURT TO PROCEED WITHOUT YOU BEING PRESENT.**

"* * * * *

"If you do not have an attorney representing you, then the judge or jury only hears the prosecutor's side of the case, which will likely result in a conviction."

(Boldface in original.)

On the morning of trial, December 9, defendant personally filed a motion for a continuance, but she failed to remain at the courthouse long enough to learn the court's ruling. The court thereafter denied the motion, and it allowed trial to proceed in her absence after finding that defendant had validly waived the right to appear. The court found defendant guilty and scheduled her to be sentenced at a later date.

Before her sentencing hearing, defendant filed a motion for a new trial. Among other things, she argued that ORS 136.040(1) confers an absolute right on misdemeanor defendants to appear at trial, either in person or through counsel. At the hearing scheduled for sentencing, defendant's motion for a new trial was heard by a different judge than the one who had presided over the guilt phase of her trial. The second judge agreed with defendant's position, stating that ORS 136.040 is clear on its face that the trial may take place only when the defendant personally appears or counsel appears on his or her behalf. The court concluded that defendant's written waiver was facially valid but, in light of that

statutory mandate, was nonetheless ineffective. In essence, the court interpreted ORS 136.040 to mean that an unrepresented defendant cannot be held to his or her waiver of the right provided by that statute, even if the waiver was knowing and voluntary. The court therefore granted the motion for a new trial.

On appeal, the state argues that the second trial court judge misconstrued ORS 136.040(1). According to the state, the statute does not give defendants an unwaivable right to appear at trial. We agree.

We generally review a trial court's order granting a new trial for abuse of discretion. *State v. Woodman*, 195 Or App 385, 387, 97 P3d 1263 (2004), *rev allowed*, 338 Or 363 (2005). However, when such an order is based on an interpretation of the law, we review the order for legal error. *Bennett v. Farmers Ins. Co.*, 332 Or 138, 151, 26 P3d 785 (2001). In this case, the trial court's ruling was plainly based on its interpretation of ORS 136.040(1). Thus, we review for legal error. To determine the legislature's intent in enacting that statute, we look to the statutory text in context and, if necessary, to legislative history and other interpretive aids. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Our analysis of statutory text includes prior Supreme Court interpretations, which become part of the statute as if written into it when it was enacted. *State v. Hernandez*, 186 Or App 86, 90, 61 P3d 951 (2003).

ORS 136.040 provides:

"(1)  If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person.

"(2)  Notwithstanding the provisions of subsection (1) of this section, if the charge is for a misdemeanor, the trial may be had in the absence of the defendant and defendant's counsel if the misdemeanor is treated as a violation under ORS 161.566 or 161.568."

The text of the statute says nothing about whether a defendant may waive the right to appear. However, in *State v.*

*Waymire*, 52 Or 281, 97 P 46 (1908), the Supreme Court considered the statute, which was then codified at title XVIII, chapter X, section 1378 of the Codes and Statutes of Oregon (Bellinger & Cotton 1901). In *Waymire*, the defendants were charged with a misdemeanor. *Id.* at 287. After the case was submitted to the jury, the defendants and their counsel left the court. *Id.* at 288. They were not present when the jury returned, and the trial court received the verdict in their absence. The defendants appealed.

The Supreme Court first noted that a trial is not concluded until the verdict is received and recorded. The court explained that, accordingly, under section 1378, "a defendant charged with a misdemeanor has the right to be present at the rendition of the verdict, either in person or by his counsel * * *." *Id.* at 287. The court added, "The right, however, is conferred upon him for his own protection and benefit, and, like many other rights accorded him by law, may be waived, either expressly or impliedly[.]" *Id.* The court concluded that the defendants' voluntary departure from the court had operated as a waiver of their right to be present when the verdict was received and had authorized the court to receive it in their absence. *Id.* at 288.

The Supreme Court reaffirmed the principle that a defendant may waive the right to be present at trial in *State v. Harris*, 291 Or 179, 630 P2d 332 (1981). In that case, the defendant was convicted of a felony after failing to appear in person—though his counsel was present—for part of his trial. He argued on appeal that ORS 136.040 precluded the trial from continuing, even if he had voluntarily been absent, as the trial court had found. The Supreme Court expressly rejected "the bald assertion that the defendant cannot waive the statutory right to be present." *Id.* at 189.

■ In light of the court's decisions in *Waymire* and *Harris*, it is clear that, if a defendant validly waives the right to be present, ORS 136.040(1) does not prevent trial from proceeding even if both the defendant and counsel are absent, and whether or not the defendant is represented by counsel. The trial court in this case erred in concluding otherwise.

■ The sole basis for the trial court's order granting a new trial was its misinterpretation of ORS 136.040(1). It

follows that it was error to grant defendant's motion for a new trial. On remand, the court shall reinstate the guilty verdict and proceed with sentencing.

Reversed and remanded.