EGAN, C. J.
*244 *88 In this criminal case, defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140, contending that the trial court erred in allowing a jury trial to proceed in his absence and without counsel.[1] We conclude that the trial court erred in allowing the trial to proceed in defendant's absence. We therefore reverse defendant's convictions and remand for a new trial.
The relevant facts are largely procedural and, for purposes of this appeal, are undisputed. Defendant was arrested and charged with the above-described misdemeanor offenses. At the time of his arraignment on July 23, 2013, defendant was appointed counsel and entered pleas of not guilty. On the state's request, the court required security for defendant's release. Noting the possibility that defendant might be released without security "because of jail crowding issues," the court explained that it would require defendant to execute a waiver of appearance: "In any event, you do-if you are released in spite of our efforts to hang onto you, I will order that you sign a waiver of appearance, which means that if you do not come back here to finish this case the prosecution will go on without you."
Following the arraignment hearing, defendant posted the required security and executed a "Security Release Agreement." As part of that agreement, defendant acknowledged that he would appear for all required court appearances and that, if he did not, "a warrant may be ordered for my arrest, a judgment for the entire security amount may be levied against me, I will forfeit the security deposit or security amount; and I may be prosecuted for Contempt of Court and/or for Failure to Appear."
Despite posting security, defendant also executed a "Waiver of Appearance for Trial and Jury Waiver." That form stated that defendant was required to appear in court for all scheduled hearings and trial, and warned defendant that if he failed to appear, the trial might proceed in *89 his absence. The form also stated twice that the failure to appear would constitute an authorization to proceed to trial in defendant's absence.[2] Defendant was released after posting bail and signing the two aforementioned documents.
Defendant appeared with his attorney at a status conference on January 15, 2014, and again at a hearing on a motion to suppress on March 18, 2014. Two weeks before the scheduled trial date of September 30, 2014, defendant's court appointed-attorney asked to withdraw, citing an irreconcilable breakdown in the attorney-client relationship. The court granted the request and appointed new counsel.
Defendant's new counsel appeared without defendant at a pretrial hearing on September 25, 2014, and explained that defendant was absent because he had undergone oral surgery the day before. He requested the court to reschedule the trial to a later date. Defendant's counsel appeared at a pretrial hearing on December 11, 2014, again without defendant, and reported that he had not had contact *245 with defendant and that investigators had been unable to find him. The court noted that the file contained a waiver-of-appearance form and that, on that form, defendant had not waived the right to a jury trial. The court scheduled the trial to be held in five days. The court then granted counsel's request to withdraw from representation of defendant and issued a warrant for defendant's arrest.
On the day of trial, December 16, 2014, neither defendant nor any defense counsel appeared. The case was tried to a jury nonetheless. Based on the state's evidence, the jury found defendant guilty of DUII and reckless driving.
On appeal, defendant contends that the trial court erred in concluding that defendant validly waived his right to appear at trial by signing the waiver of appearance form *90 and therefore erred in proceeding to trial in his absence and without counsel. As a preliminary matter, we reject the state's contention that the issues raised on appeal are not preserved. This case presents one of those rare exceptions to the preservation requirement because it was a practical impossibility for defendant to object to the trial being held in his absence when neither he nor counsel was present at trial to object. See Peeples v. Lampert , 345 Or. 209, 220, 220 n. 7, 191 P.3d 637 (2008) (explaining that under certain circumstances there is an exception to the preservation requirement "when a party has no practical ability to raise an issue" and providing examples of same); State v. Almaraz-Martinez , 282 Or. App. 576, 579, 385 P.3d 1234 (2016) ; State v. DeCamp , 158 Or. App. 238, 241, 973 P.2d 922 (1999). It is true that counsel was present at the hearing at which the court set the trial date. But, at that hearing, the court did not decide that the scheduled trial would proceed in defendant's absence. Although it noted the waiver-of-appearance form in the file, it did so in the context of determining whether defendant had waived the right to have a jury decide his case. Further, the court issued a warrant for defendant's arrest-an effort signaling the court's intent to secure defendant's presence at trial. Counsel then withdrew, and no counsel was present on the day of trial. Under those circumstances, there was no opportunity for defendant to object to trial being held in his absence. Thus, we conclude that, on appeal, defendant can raise the issue whether he validly waived his right to appear without first having preserved the issue in the trial court.
On the merits, for the reasons explained here, we conclude that the trial court erred in its determination that defendant waived his appearance based on his signature on the form and allowing trial to proceed in defendant's absence. We reverse defendant's convictions on that ground and do not reach his contention regarding waiver of the right to counsel.
The Oregon Constitution, Article I, section 11, provides:
"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in *91 which the offense shall have been committed; to be heard by himself and counsel."[3]
A criminal defendant's right to appear at trial is a fundamental constitutional right. State v. Menefee , 268 Or. App. 154, 184, 341 P.3d 229 (2014) (describing a pro se defendant's right to be present at trial as a fundamental constitutional right). However, the *246 right of the defendant to appear at trial may be waived. State v. Harris , 291 Or. 179, 185, 630 P.2d 332 (1981). A waiver is the intentional relinquishment or abandonment of a known right or privilege. Church v. Gladden , 244 Or. 308, 312-13, 417 P.2d 993 (1966). In State v. Meyrick , 313 Or. 125, 831 P.2d 666 (1992), in addressing a defendant's waiver of a right to counsel, the court, noting that courts are reluctant to find that fundamental rights have been waived, held that a trial court may accept a defendant's proffered waiver of counsel only if it finds that the defendant "knows of his or her right * * * and that the defendant intentionally relinquishes or abandons that right." Id. at 133, 831 P.2d 666. In determining whether a defendant's waiver of counsel was the intentional relinquishment of a known right, the court said that the focus is on what the defendant knows and understands, based on the particular circumstances of the case. Id. at 132, 831 P.2d 666.
Like the waiver of the right to counsel, the waiver of the right to appear at trial must be an intentional relinquishment of a known right, based on what the defendant *92 knows and understands. In In re Jordan , 290 Or. 669, 672-73, 624 P.2d 1074 (1981), the court stated:
"In a criminal case involving a charge of either a felony or a misdemeanor * * * it is improper for a judge to commence the trial of such a case in the absence of the defendant and to enter a finding of 'guilty' without evidence sufficient to support a finding that he had waived his right to be present at his trial in the usual sense of an intentional relinquishment of a known right. Failure to appear after a notice of the trial date was mailed to him by regular mail is not sufficient as evidence that such a defendant has waived his right to be present at trial in the absence of some additional evidence that he received such a notice and intentionally waived his right to be present at the trial."
(Emphases in original.) In Meyrick , the court explained that the "intentional" component of a waiver of the right to counsel refers to the defendant's intent to waive the right. 313 Or. at 132 n. 8, 831 P.2d 666. "Encompassed within the 'intentional' component is the requirement that the choice must be 'voluntary.' " Id. ; see State v. Turner , 99 Or. App. 176, 178, 781 P.2d 404 (1989) (before trying a defendant in absentia, the court "must determine that the defendant voluntarily waived the right to be present"). Whether a waiver is voluntary depends on the particular circumstances of the case. Meyrick , 313 Or. at 132, 831 P.2d 666. Generally, the court said in Meyrick , in the absence of coercion, most intentional acts are voluntary acts. Id. at 132 n. 8, 831 P.2d 666.
Defendant contends that, contrary to the trial court's ruling, he did not intentionally and voluntarily waive his right to be present at trial by signing the waiver form. We agree with defendant that the trial court erred in so concluding.
In State v. Peters , 119 Or. App. 269, 850 P.2d 393 (1993), we addressed whether the trial court erred in concluding that the defendant waived the right to appear at trial by signing a conditional release agreement. The agreement provided that the defendant agreed that if he did not appear at trial, the trial could proceed in his absence. The defendant, who had a long history of failing to appear, chose *93 to sign the agreement rather than to post bail. At the time he signed the agreement, the defendant consulted with his attorney, who was present. Against his attorney's advice, the defendant signed the agreement and also noted on the form that he was acting against his attorney's advice. The trial court twice admonished the defendant that if he failed to appear at trial, the case could proceed without him. The trial court also explained to the defendant the impact on the defendant's other rights if he failed to appear at trial. Under those circumstances, we concluded that the trial court did not err in finding that the defendant had intentionally relinquished a known right by signing the written waiver form. Id. at 274, 850 P.2d 393. Here, the state asserts that, under Peters , the waiver form signed by defendant was sufficient to establish that defendant validly waived his right to be present at trial.
We disagree. The circumstances surrounding defendant's execution of the written waiver differ significantly from those present *247 in Peters and, in our view, are legally insufficient to establish that defendant's waiver was knowing and voluntary. In Peters , the defendant had a long history of failures to appear, unlike defendant. As a consequence, the defendant in Peters "had the choice of staying in jail, posting bail or agreeing to the waiver." 119 Or. App. at 274, 850 P.2d 393 (emphasis added). The defendant was counseled by his lawyer about the waiver and expressly acknowledged that he had been advised against signing it. We held that in those circumstances, "defendant exercised an informed choice in agreeing to the waiver." Id.
Here, by contrast, it was not communicated to defendant in any clear way that he had a choice to sign the form; the court stated that it was ordering defendant to do so in the event he was released.[4] Additionally, unlike the defendant in Peters , defendant here posted bail but ultimately was still required to sign a waiver of appearance form as *94 a condition for his release.[5] Further, defendant executed the forms outside the presence of the court, and the state developed no facts showing that he was advised by counsel regarding the consequences of signing those forms and, in particular, that he was advised that the trial could proceed in his absence even though he had posted security. Finally, the forms that defendant signed in connection with the security release gave conflicting information about what would happen if he did not appear at trial. His security release agreement explained that if he did not appear at his scheduled court dates (or violated the conditions of release in other ways), the potential consequences would be arrest, forfeiture of security, contempt proceedings, or prosecution for failure to appear. The waiver form stated something different-that by signing the form, defendant acknowledged that trial could proceed in his absence.
We note, additionally, that the court said in Meyrick that the "known right" component of a waiver "refers to the defendant's knowledge and understanding of the right[.]" 313 Or. at 132 n. 8, 831 P.2d 666. The court explained that "[t]his is the *95 more expansive of the two components, because a defendant's knowledge and understanding of the right to counsel" may turn on factors other than what the defendant tells the court, such as the defendant's age and education. Id. In Peters , we held that there was evidence from which the trial court could find that the defendant "exercised an informed choice in agreeing to the waiver." 119 Or. App. at 274, 850 P.2d 393. Here, unlike in Peters , the court did not explain the significance of the waiver other than to tell defendant, "if you do not come back here to finish this case, the prosecution will go on without you." The court did not inquire whether defendant understood that, by signing the form, he was agreeing that the trial would proceed in his absence if he did not appear. The court did not explain the *248 impact on defendant's other rights if he failed to appear at trial. The record does not disclose whether, like in Peters , defendant's attorney was present when he signed the form or advised him to sign it. This record does not show that defendant signed the form with knowledge and an understanding of his right.
The trial court's conclusion that defendant had waived his appearance by signing the form was the basis for its conclusion that defendant's failure to appear at trial was voluntary. In light of our conclusion that the state did not establish that defendant validly waived his appearance by signing the form, we also conclude that the trial court erred in concluding that defendant's absence was voluntary and in allowing the trial to proceed in his absence.
Reversed and remanded.

Defendant was acquitted of two counts of recklessly endangering another person.

The form also included a statement that the failure to appear for trial constituted the waiver of the right to counsel. The form provided:
"If I fail to appear for trial, I waive my right to be represented by an attorney, including a court-appointed attorney. If I am represented by an attorney, I will maintain regular contact with my attorney. If I fail to maintain regular contact with my attorney and my attorney asks the Court to withdraw as counsel, I waive my right to be represented by an attorney, including a court-appointed attorney."

ORS 136.040(1) provides:
"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."
Although ORS 136.040(1) makes the defendant's personal appearance mandatory only in felony cases, it has nonetheless been applied to misdemeanor cases as well. See State v. Turner , 99 Or. App. 176, 178, 781 P.2d 404 (1989) (the court may conduct a trial in a misdemeanor case when a defendant appears by counsel, but only after determining that the defendant voluntarily waived the right to be present); see also State v. Shutoff , 263 Or. App. 615, 616, 330 P.3d 1237 (2014) (citing ORS 136.040 as source of statutory right to be present at trial on misdemeanor charges). We note that in State v. Skillstad , 204 Or. App. 241, 246, 129 P.3d 232 (2006), rev. den. , 342 Or. 727, 160 P.3d 992 (2007), we held that if there is a valid waiver of the right to appear, ORS 136.040 does not prevent a trial from proceeding, even if both the defendant and counsel are absent and whether or not the defendant is represented by counsel.

We recognize that it is not entirely clear that the court intended to order defendant to sign the waiver of appearance form in the event defendant posted security. The court's order followed the discussion of the possibility that defendant might be released without security because of jail over-crowding.

We note that ORS 135.255(1) provides:
"The defendant shall not be released from custody unless the defendant files with the clerk of the court in which the magistrate is presiding a release agreement duly executed by the defendant containing the conditions ordered by the releasing magistrate or deposits security in the amount specified by the magistrate in accordance with ORS 135.230 to 135.290."
ORS 135.250(1) states the conditions for a release agreement:
"If a defendant is released before judgment, the conditions of the release shall be that the defendant will:
"(a) Appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until the defendant is discharged or the judgment is entered;
"(b) Submit to the orders and process of the court;
"(c) Not depart this state without leave of the court; and
"(d) Comply with such other conditions as the court may impose."
ORS 135.260(1)(d) provides that a conditional release may include any "reasonable restriction designed to assure the defendant's appearance." We are not aware, however, of any provision that authorizes a court to impose as a condition for release an agreement to waive the right to counsel or the right to be present at trial as a consequence of a subsequent failure to appear. Instead, one of the statutory mechanisms for punishing a failure to appear is a prosecution for failure to appear under ORS 162.195 or ORS 162.205. ORS 135.255(2).