***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 29; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed August 31, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA RANDALL ASHLEY,
*Defendant-Appellant.*

Josephine County Circuit Court
19CR49494; A173963

Robert S. Bain, Judge. (Judgment)

Pat Wolke, Judge. (Supplemental Restitution Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**JAMES, P. J.**

Defendant appeals from a judgment of conviction of one count of attempted murder with a firearm (Count 1), attempted first-degree assault with a firearm (a lesser-included offense of the charge of attempted murder alleged in Count 3), and two counts of Unlawful Use of a Weapon (Counts 2 and 4), raising seven assignments of error. We reverse in part and affirm in part.

The state accused defendant of shooting into a church on a Sunday morning, then, a few days later, shooting into a crowded dentist's office. In defendant's first through third assignments of error, defendant challenges his conviction for attempted murder, Count 1, by nonunanimous verdict. The state concedes the error, and the concession is well taken. *State v. Ulery*, 366 Or 500, 503, 464 P3d 1123 (2020). The conviction on Count 1 is reversed and remanded.

Defendant's fourth through sixth assignments of error challenge the denial of his motion for judgment of acquittal, as well as the imposition of a conviction for attempted first-degree assault as a lesser-included offense of the attempted murder charge in Count 3. Viewing the record in the light most favorable to the state, which is the standard, we conclude that the trial court did not err in denying defendant's motions for judgment of acquittal. Similarly, defendant's challenge to the imposition of the lesser-included offense is a variation of his argument as to acquittal. Defendant argues that "it is obvious that defendant committed that crime only if he intended to injure someone, and it is obvious that his conduct in firing at the church was insufficient evidence that he had that intent." Again, viewing the record in the light most favorable to the state, a reasonable jury could find that defendant had the requisite intent to injure one or more persons.

In defendant's seventh assignment of error, he challenges the trial court's holding a restitution hearing in his absence. Again, the state concedes the error, and the concession is well taken. *State v. Massie*, 188 Or App 41, 43, 69 P3d 1236 (2003); *see also State v. Sidener*, 308 Or App 155, 156, 478 P3d 605 (2020). Given that this matter is going back for

resentencing, the restitution issues can be addressed anew. *State v. Lobue*, 304 Or App 13, 20, 466 P3d 83, *rev den*, 367 Or 257 (2020) (restitution hearings "are part of criminal sentencing").

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.