Submitted on petition for rehearing February 6, former opinion
filed January 7 (290 Or 303, 622 P2d 297),
petition for rehearing denied March 17, 1981

In re: Complaint as to the Conduct of

# THE HONORABLE KIM L. JORDAN,

*Accused.*

(No. 5, SC 26959)

624 P2d 1074

Alan B. Holmes, Medford, for the petition. With him on the brief was Holmes, James, Galpern & McCollum, P.C.

William H. Fowler, Medford, contra.

PER CURIAM.

## PER CURIAM.

Judge Jordan has petitioned for a rehearing. Although we deny that petition, we believe that because of its contentions our previous opinion should be clarified on three points.

### 1. *The conduct of a judge in talking to a witness.*

The petition contends that it is not wrong for a judge to talk to a witness after "the conclusion of a judicial proceeding." We agree. That is not what happened in this case, however. This case involved a criminal prosecution against Mr. Kueninger in which his wife was an important witness. At the conclusion of the preliminary hearing Judge Jordan talked to Mrs. Kueninger at the request of the District Attorney. Also, he talked to her about what she knew about the facts relating to the charge against her husband. At that time there had been no "conclusion" of the criminal proceedings against Mr. Kueninger. The trial had not yet been held and Mrs. Kueninger was a potential witness in that trial. Under these facts it was improper for Judge Jordan to talk with her.

As noted in our previous opinion, however, we found Judge Jordan not guilty of the charge that he had stated that Mrs. Kueninger "lacked competence to be a witness when Judge Jordan knew that was not the fact," although stating that his conduct corroborated our finding that he was "incompetent."

### 2. *The failure of a judge who knows a party to disqualify himself.*

The petition contends that a judge should not be required to disqualify himself because of a casual acquaintance with a party and that the requirement of Canon 3C of the 1975 Code of Judicial Conduct is that a judge disqualify himself when "his impartiality might reasonably be questioned * * *." Again, we agree. We also recognize that judges cannot be expected to disqualify themselves in all cases in which they may be casually acquainted with parties or witnesses, particularly in smaller communities served by a single judge.

In this case, however, it appears from the record that there were additional facts. First, although the acquaintance of Judge Jordan with Mrs. Weaver may have been "casual," he informed counsel for the parties that his acquaintance with her was of such a nature that he could not believe that she would be charged with the crimes for which she had been charged. It also appears that although the District Attorney then made a motion that Judge Jordan disqualify himself, the judge refused to do so unless counsel for the defendant joined in the motion.

■ It may be that the decision by a judge whether to disqualify himself by reason of the requirements of Canon 3C should not depend upon whether a motion is made requesting that he do so. In any event, a judge should not require *both* parties to join in a motion that he disqualify himself. Of more importance, however, we believe that under these facts the impartiality of Judge Jordan "might reasonably be questioned" because his statement to counsel that, based upon his acquaintance with the defendant, he could not believe that she would be charged with the crimes for which she had been charged "might reasonably" be interpreted to mean that in the event of a conflict in the evidence Judge Jordan would be inclined to believe the testimony offered by or on behalf of the defendant.

3. *The commencement of a criminal trial in the absence of the defendant.*

The petition contends that "[i]n a traffic case, be it an infraction or a crime, it is unreasonable for this court not to consider such notice (i.e., notice mailed to the defendant) as a waiver of defendant's right of personal appearance."

■ In this case the defendant was not charged with a traffic "infraction," but with "driving a motor vehicle while suspended," a misdemeanor and a crime (ORS 484.365). We did not and do not hold that in a traffic infraction case in which a defendant fails to appear a judge may not forfeit his bail. In a criminal case involving a charge of either a felony or a misdemeanor, however, it is improper for a judge to commence the trial of such a case in the absence of the defendant and to enter a finding of "guilty" without evidence sufficient to support a finding that he had waived

his right to be present at his trial in the usual sense of an *intentional* relinquishment of a *known* right. Failure to appear after a notice of the trial date was mailed to him by regular mail is not sufficient as evidence that such a defendant has waived his right to be present at the trial in the absence of some additional evidence that he received such a notice and intentionally waived his right to be present at the trial.

The conduct of Judge Jordan which we held to be a reflection upon his competence included not only his commencement of the trial of a criminal case in the absence of the defendant and his entry of a finding of "guilty" in such a case, but his doing so without first making inquiry upon the question whether there was evidence sufficient to sustain a finding that defendant had knowingly and intentionally waived his right to be present at the trial, other than to note that the defendant had been mailed a notice and had failed to appear. We also believe that it is of importance in assessing Judge Jordan's conduct in this matter that he consciously created a false record by stating that the trial in absentia was instigated by motion of the state.

In addition, we believe that it should again be made clear, as we attempted to do in our previous opinion, that we do not discipline Judge Jordan for incompetence based upon this or any of the other single charges against him. In this case, however, we not only found Judge Jordan to be guilty of several of such charges over a period of years but, of more importance, we found that some of the charges against Judge Jordan were of such a nature as to demonstrate a want of that honesty and integrity essential to the office of judge.