Argued and submitted November 19, 1987, affirmed February 10, 1988

## DALE LEE KILGORE,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

(86C-10766; CA A44424)

749 P2d 1201

George E. Price, Salem, argued the cause and submitted the brief for appellant.

Butch Pribbanow, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Petitioner appeals from a judgment denying post-conviction relief. The question is whether the judge at his original trial, who had previously represented petitioner in an unrelated matter, was legally required to disqualify himself on his own motion. We hold that he was not and affirm.

■ Petitioner contends that the judge at his original trial should have disqualified himself under Canon 3C(1) of the Code of Judicial Conduct, which requires a judge to disqualify himself when his "impartiality might reasonably be questioned * * *." The trial judge acknowledged in his affidavit that he had been appointed to represent petitioner, but——because it was so long ago——his memory was uncertain about the charge and the facts. The judge was certain, though, that that offense was unrelated to the convictions on which he imposed the sentences in 1986 that are challenged in this post-conviction case. Petitioner made no attempt to bring the judge's previous representation to the attention of his attorney or the trial court. He failed to file a motion to disqualify the judge under ORS 14.250,[1] and nothing in the record indicates that the judge was aware, when he accepted petitioner's guilty plea and imposed sentence, that he had previously represented petitioner.

Given the sentence actually imposed, the record refutes petitioner's questioning of the judge's impartiality.[2] The judge stated that the sentence was long enough for petitioner to qualify for sex offense treatment and promised to write a letter recommending early admission into that program. He also noted various favorable character reports from the community and stated that, by obtaining early sex offender treatment, as opposed to incarceration without treatment, the petitioner could probably become a productive citizen again.

---

[1] Petitioner mentions a right to effective assistance of counsel in his brief, apparently contending that his trial counsel in 1986 should have filed a motion to disqualify the sentencing judge under ORS 14.250. The record discloses, however, that petitioner failed to inform the counsel of the prior attorney-client relationship.

[2] Pursuant to a plea agreement, petitioner pled guilty to a lesser included offense of attempted rape in the first degree and sodomy in the first degree, for which the judge imposed consecutive sentences of five and ten years imprisonment respectively, without minimums. Petitioner could have received twenty years for sodomy I and ten years for attempted rape I. ORS 163.405; ORS 163.375; ORS 161.405(2)(b); ORS 161.605.

In *In re Jordan,* 290 Or 303, 622 P2d 297, *reh den* 290 Or 669, 671, 624 P2d 1074 (1981), the Supreme Court recognized that "judges cannot be expected to disqualify themselves in all cases in which they may be casually acquainted with parties or witnesses, particularly in smaller communities served by a single judge," unless there are additional facts which cause the judge's impartiality to be questioned.[3] The record here is devoid of facts which would give any one reason to question the trial judge's impartiality.

A judge in a criminal case is not required to disqualify himself simply because he may have previously represented the defendant in some unrelated matter. In the absence of either a showing of actual prejudice or facts in the record revealing some other impropriety, a petitioner for post-conviction relief does not make out a case. No such showing has been made here.

Affirmed.

---

[3] The judge in *Jordan* stated to counsel that his acquaintance with the defendant was such that he could not believe that she would be charged with the crimes for which she had been charged. Although the District Attorney moved that the judge disqualify himself, he refused to do so unless counsel for defendant joined in the motion. The Supreme Court said:

"It may be that the decision by a judge whether to disqualify himself by reason of the requirements of Canon 3C should not depend upon whether a motion is made requesting that he do so. In any event, a judge should not require *both* parties to join in a motion that he disqualify himself. Of more importance, however, we believe that under these facts the impartiality of Judge Jordan 'might reasonably be questioned' because his statement to counsel * * * 'might reasonably' be interpreted to mean that in the event of a conflict in the evidence Judge Jordan would be inclined to believe the testimony offered by or on behalf of defendant." 290 Or at 672. (Emphasis in original.)