In re Disqualification of Berens.

The State of Ohio v. Smith.

[Cite as *In re Disqualification of Berens,*
117 Ohio St.3d 1235, 2005-Ohio-7155.]

(No. 05–AP–074—Decided August 12, 2005.)

Moyer, C.J.

{¶ 1} Attorney Eric J. Allen—counsel for the defendant in the underlying case—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Richard E. Berens from acting on any further proceedings in case No. 2004–CR–451 in the Court of Common Pleas of Fairfield County.

{¶ 2} Allen states that Judge Berens represented the defendant in an earlier criminal proceeding in 2001, when the judge was in private practice. For that reason, Allen contends that the judge should be disqualified in this case. In addition, Allen notes that the judge sought and was granted the right to terminate the representation in that earlier case by alleging that the defendant had failed to cooperate or communicate with him. In light of the earlier representation and the way in which it ended, the defendant does not believe – according to the affidavit – that Judge Berens can preside fairly and impartially in the case now pending before him.

{¶ 3} Judge Berens has responded to the affidavit. He acknowledges that he did represent the defendant in 2001, but states that he has no recollection of the work he performed or any information that the defendant may have provided during the representation.

{¶ 4} I find no grounds for ordering the disqualification of Judge Berens. To be sure, Canon 3(E)(1)(b) of the Code of Judicial Conduct requires a judge to be disqualified if he or she has "served as a lawyer in the matter in controversy."

Judge Berens did not, however, represent the defendant in the matter now in controversy before him, and indeed the judge professes to have no recollection of the defendant or his earlier case.

{¶ 5} Generally, prior representation of a party with regard to matters wholly unrelated – or tangentially related – to a matter pending before a judge does not mandate judicial disqualification, absent a specific showing of actual bias on the part of the judge. Flamm, Judicial Disqualification (1996) 319, Section 11.3. See, e.g., *Mustafoski v. State* (Alaska App.1994), 867 P.2d 824, 832 ("the prevalent American rule of disqualification is limited to instances in which the judge participated as a lawyer in an earlier stage of the same case. Under this majority rule, unless there is a specific showing of bias, a judge is not disqualified merely because he or she worked as a lawyer for or against a party in a previous, unrelated matter"); *Kilgore v. Maass* (1988), 89 Or.App. 489, 492, 749 P.2d 1201 ("A judge in a criminal case is not required to disqualify himself simply because he may have previously represented the defendant in some unrelated matter"); *Cantu v. State* (Tex.App.1990), 802 S.W.2d 349, 351 ("cases have consistently held that judges who previously represented the defendant are not disqualified, provided that the prior representation involved a different event and not the one on trial").

{¶ 6} Admittedly, the earlier case in which Judge Berens represented the defendant involved a criminal nonsupport charge, and the defendant faces another such charge in the criminal case now pending before the judge. The time period covered by the first charge does not overlap with the time period of the alleged offense described in the pending indictment, however, and neither the validity of the earlier conviction or the facts underlying it appear to be at issue in the pending case.

{¶ 7} Finally, the judge has no recollection of the circumstances that led to the termination of his representation of the defendant in 2001. I cannot conclude from the record before me that the judge holds any bias or prejudice as a result of that earlier representation or the way in which it ended. As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003–Ohio–5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Berens.