Argued and submitted October 31, 2005, affirmed January 18, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# BUSTER PAUL KITTEL,
*Appellant.*

## 025010; A124400

127 P3d 1204

Tammy W. Sun, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Julie A. Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Schuman and Rosenblum,* Judges.

HASELTON, P. J.

---

* Rosenblum, J., *vice* Ceniceros, S. J.

## HASELTON, P. J.

Defendant appeals from a judgment of conviction for criminal mischief in the second degree (a Class A misdemeanor), ORS 164.354, and theft in the third degree (a Class C misdemeanor), ORS 164.043. He assigns error to the trial court's decision to hear closing arguments and render a verdict in his absence. Specifically, defendant argues that the statutory right to be present at trial, ORS 136.040(1),[1] applies in misdemeanor cases and that the trial court erred when it determined that defendant had waived that right. We conclude that the court erred in determining that defendant had waived his rights under ORS 136.040(1), but that the error was harmless. Accordingly, we affirm.

The facts material to our review are undisputed. On January 29, 2004, defendant was tried on two counts of second-degree criminal mischief and one count of third-degree theft. Those charges arose from defendant's alleged theft of two drift logs from a beach near Cape Perpetua and from alleged damage to public property as defendant removed the logs. Defendant was represented by counsel, and the case was tried without a jury.

Defendant was present from the beginning of trial through the presentation of all evidence, and he testified in his own behalf. At the conclusion of testimony, the trial judge and counsel made arrangements to travel to the site of the alleged illegal logging activity for a "judge view." The judge proposed, and counsel agreed, to meet at the site at 2:00 p.m. Defendant participated in those discussions.

The court and counsel met, as agreed, for the judge view. Defendant was not there. After completing the judge view, but while still at the site, the court and counsel agreed to resume trial at 3:00 p.m.[2] Neither the court nor defense

---

[1] ORS 136.040(1) provides:

"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."

[2] The site near Cape Perpetua was, apparently, approximately a 45-minute drive from the courthouse.

counsel notified defendant that trial would resume at that time.

At 3:37 p.m., defendant had not yet reappeared in the courtroom. Defendant's attorney reminded the court that defendant had no way of knowing when the trial was to resume, and he proposed that the trial be continued at a later date when defendant would be present. The court, after reviewing ORS 136.040(1) and *State v. Turner*, 99 Or App 176, 781 P2d 404 (1989), rejected that proposal:

> "[M]y staff has not received any call from [defendant] saying, 'Gosh, I got a flat tire. Gosh, when am I supposed to be there? Gosh, I got food poisoning at lunch.' We got no phone calls; he's simply not here.
>
> "So that suggests to me he's voluntarily waiving his right to be here because even though * * * he didn't know * * * that we were reconvening at 3:00[,] [h]e knew the trial was today. He knew exactly how far it is to [the site of the judge view] from here and back. And he knows that there's plenty of time for trial to resume during the same day. * * *
>
> "So I'm going to find that he's knowingly waived the right to be here for the purpose of closing argument and verdict."

The prosecutor and defense counsel then delivered their closing arguments. After the arguments were concluded, defense counsel told the court that he had just been informed by the court's staff that defendant had contacted the court to say that he was waiting near the site of the judge view. Defense counsel told the court of that development— "[j]ust for the court's information"—but did not request a recess or a continuance. The court then proceeded to render its verdict, finding defendant guilty on one count of second-degree criminal mischief and one count of third-degree theft. The court subsequently imposed sentence in a separate proceeding at which defendant addressed the court.

■ Defendant appeals, assigning error to the court's determination that he had waived his statutory right to be present at trial, ORS 136.040(1). The state concedes that "the record does not support a finding that defendant voluntarily waived the right to be present when the court rendered its

verdict." Nevertheless, the state contends that we should affirm the judgment on either of two alternative grounds: (1) ORS 136.040(1) does not require a misdemeanor defendant's presence at trial, so long as his or her counsel appears—and our holding to the contrary in *Turner* was wrong and must be overruled. (2) In all events, in the circumstances of this case, any violation of ORS 136.040(1) was harmless.

As explained below, we accept the state's concession as well founded. Further, we decline the state's invitation to overrule *Turner*. However, we agree with the state that the error here was harmless. Accordingly, we affirm.

With respect to the court's finding of waiver, there was no evidence that defendant was ever informed that the court would be reconvening for closing arguments at 3:00 p.m. Thus, there was no basis for a determination that defendant had intentionally relinquished his rights under ORS 136.040(1). *See Turner*, 99 Or App at 179 (court erred in proceeding to trial in the absence of the misdemeanor defendant, even when defense counsel informed court that he had told the defendant of the time and place of trial, where the court "did not permit any additional opportunity for counsel to attempt to produce [the defendant] or to discover why he failed to appear").

■    The state argues, however, that the sufficiency of waiver is immaterial here because ORS 136.040(1) does not require a misdemeanor defendant's presence at trial so long as the defendant "appears by counsel." Because defense counsel was present for closing arguments and the rendition of the verdict, the state reasons that the court was authorized to proceed in defendant's absence regardless of the reasons for defendant's nonappearance. The state acknowledges that *Turner* is squarely to the contrary but urges us to jettison our precedent. We will not overrule our own statutory interpretations unless they are "plainly wrong." *Aguilar v. Washington County*, 201 Or App 640, 648, 120 P3d 514 (2005); *Newell v. Weston*, 156 Or App 371, 380, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999). Here, that standard is not met.

ORS 136.040(1) provides:

"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."

In *Turner*, the defendant, who was charged with a misdemeanor, was represented by counsel. When the defendant did not appear for trial, his attorney informed the court that the defendant had been notified of the time and place of trial; nevertheless, defense counsel asked the court to continue the case until a time when the defendant could be present. 99 Or App at 178. The trial court denied the continuance request, ruling that, because the defendant knew of the time and place of trial, yet had failed to appear, the defendant had waived his right under ORS 136.040 to be present for trial. On appeal, we held that, under ORS 136.040(1), the court may "conduct a trial in the defendant's absence" in a misdemeanor case where the defendant appears by counsel—but that, "[b]efore doing so, * * * the court must determine that the defendant voluntarily waived the right to be present." *Id.* at 178 (footnote omitted). In so holding, we relied, in part, on *In re Jordan*, 290 Or 669, 624 P2d 1074 (1981) (*Jordan II*).

In *In re Jordan*, 290 Or 303, 622 P2d 297 (1981) (*Jordan I*), the Supreme Court reviewed a recommendation of suspension resulting from proceedings before the Commission on Judicial Fitness. 290 Or at 305. One of the commission's findings of unfitness was based on an incident in which the accused judge had, in a defendant's absence, tried and convicted the defendant of driving while suspended. *Id.* at 326-27. At that trial, the accused judge had found that the defendant had been notified of the time and place of trial, yet neither the defendant nor his attorney had appeared at the trial, and the court had proceeded to try and convict the defendant "*in absentia.*" *Id.* at 328. The Supreme Court, in sustaining the commission's finding of misconduct, concluded that, "for a judge to commence with the trial of an absent defendant in any criminal case and to enter a finding of 'guilty' at the conclusion of such a trial * * * is misconduct of a serious nature." *Id.* at 328-29.

The accused judge petitioned for a rehearing. *Jordan II*, 290 Or at 669. The Supreme Court denied the petition for rehearing but wrote to clarify certain aspects of its original opinion. In particular, the court rejected the accused judge's contention that "a waiver of [the] defendant's right of personal appearance" could be inferred from the failure to appear in response to a mailed notice of the scheduled trial date:

"In a criminal case involving a charge of *either a felony or a misdemeanor*, * * * it is improper for a judge to commence the trial of such a case in the absence of the defendant and to enter a finding of 'guilty' without evidence sufficient to support a finding that he had waived his right to be present at his trial * * *."

*Id.* at 672-73 (emphasis added).

To be sure, the court in *Jordan II* did not purport to construe ORS 136.040(1). Nevertheless, its language was unqualified, and we specifically relied on that aspect of *Jordan II* in *Turner*. *See Turner*, 99 Or App at 178. Given that language—and unless, or until, the Supreme Court qualifies its observation in *Jordan II*—we decline to disavow *Turner* as "plainly wrong." Consequently, the trial court erred in proceeding in defendant's absence.

■■ Finally, the state contends that that error is harmless. To affirm on that basis, we must conclude that there is "little likelihood that the * * * error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003); *accord Ryan v. Palmateer*, 338 Or 278, 294-96, 108 P3d 1127, *cert den*, 126 S Ct 384 (2005) (reiterating rejection of "structural error" doctrine under Oregon law).

We conclude that the error here was harmless. As noted, defendant was present during this nonjury trial throughout the presentation of the evidence—including testifying in his own defense. Defendant offers no credible argument—and we perceive none—as to why, or how, his presence would have affected the presentation of closing argument or the court's ultimate determination of guilt. Although defendant contends that he was denied the opportunity to assist his attorney in the presentation of closing argument, he does not identify any meaningful contribution

he could have made to that process. *Cf. State v. Walton*, 311 Or 223, 249, 809 P2d 81 (1991) (the defendant's absence from pretrial conference was not prejudicial where the defendant could not identify "what suggestions or assistance" he would have offered if present); *State v. Beeson*, 248 Or 411, 414, 434 P2d 460 (1967) (conducting a conference with the jury, judge, and attorneys outside the presence of the defendant was not error because "the defendant could have accomplished nothing by being present").

In sum, the trial court erred in proceeding in defendant's absence without a sufficient waiver of rights under ORS 136.040(1), but that error was harmless.

Affirmed.