IN RE DISQUALIFICATION OF CELEBREZZE.

STRAUSS *v*. STRAUSS ET AL.

[Cite as *In re Disqualification of Celebrezze,*

127 Ohio St.3d 1217, 2009-Ohio-7207.]

*Judges — Affidavit of disqualification — Disqualification ordered.*

(No. 09-AP-042 — Decided May 12, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common

Pleas Domestic Relations Division Case No. DR-06-311479.

_____

MOYER, C.J.

{¶ 1} Jaye M. Schlachet, counsel for defendant Marc I. Strauss, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Leslie Ann Celebrezze from acting on any further proceedings in case No. DR-06-311479, a divorce action in the Domestic Relations Division of the Court of Common Pleas of Cuyahoga County.

{¶ 2} Schlachet alleges that Judge Celebrezze has shown bias or prejudice against Strauss and has breached statutory law, the Ohio rules of court, and the Code of Judicial Conduct. Schlachet also asserts that the judge improperly reappointed the guardian ad litem absent a hearing or input from the administrative judge and also allowed the guardian to charge an excessive rate.

{¶ 3} In addition, Schlachet maintains that the judge has an interest and bias in favor of the receiver in this case, Mark E. Dottore. According to Schlachet, Dottore is a family friend of the judge who also served as her campaign treasurer. Schlachet alleges that Dottore's appointment and continued presence as receiver are without any authority under the local rules and were intended to further the judge's own personal interest. Schlachet also notes that

Dottore runs a "special masters mediation program" for Judge Celebrezze. Schlachet additionally complains that the judge has appointed her father, former judge James Celebrezze, as a special master in other pending divorce cases. Finally, Schlachet claims that the judge has failed to repay a $2,000 campaign loan from Dottore's brother.

{¶ 4} Judge Celebrezze has responded in writing to the concerns raised in the affidavit, offering a detailed response to each allegation. She expressly denies harboring any ill feelings toward Strauss and believes that she can decide this case in an unbiased manner based on the facts presented. Judge Celebrezze also notes that this case has been pending since 2006 and asserts that this is merely another attempt by defendant to delay the divorce and the payment of child support.

{¶ 5} Of primary concern here is Schlachet's allegation that Judge Celebrezze must be disqualified because her father, former judge James Celebrezze, has previously acted as the judge in the underlying divorce proceedings. According to Schlachet, Rule 2.11(A)(6) of the Code of Judicial Conduct bars Judge Celebrezze from presiding over any matter that was previously pending before her father.

{¶ 6} Jud.Cond.R. 2.11 provides:

{¶ 7} "(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

{¶ 8} "* * *

{¶ 9} "(6) The judge knows that the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person has acted as a judge in the proceeding."

{¶ 10} Judge Celebrezze argues in response that Jud.Cond.R. 2.11(A)(6) has not been interpreted to create a bright-line rule that requires her

2

disqualification from cases on which her father presided. Rather, she maintains that the rule requires disqualification only when the relationship causes the judge's impartiality to be reasonably questioned.

{¶ 11} Contrary to Judge Celebrezze's assertions, the plain language of Jud.Cond.R. 2.11(A)(6) requires her disqualification from this case. The rule clearly compels a judge's disqualification from a proceeding if a person within the third degree of relationship to the judge has previously acted as a judge in the proceeding. There is no ambiguity in the language of the rule and thus no room for interpretation.

{¶ 12} The judge warns, however, that applying the rule as a bright-line test would subvert justice and the efficient administration of the court because it would require her disqualification from all cases that she inherited when she was elected to her father's judicial seat. Jud.Cond.R. 2.11(A)(6), which took effect on March 1, 2009, is virtually identical to its former version, Canon 3(E)(1)(d)(iii), which had been in effect since 1997, when Canon 3 was rewritten. Admittedly, the Staff Notes to the 1997 amendment state, "Division (E)(1)(d)(iii) applies to *appellate* judges reviewing decisions rendered by them or a relative as defined in division (E)(1)(d) of this canon." (Emphasis added.) 78 Ohio St.3d CLXXX. Yet the word "appellate" does not appear in the rule, and the Staff Note is not binding and cannot prevail over the plain language of the rule itself.

{¶ 13} Moreover, no distinction can be drawn between an appellate judge reviewing a prior trial court decision rendered by a relative and Judge Celebrezze presiding over a case previously assigned to her father. That is, the same concerns that are implicated when an appellate judge reviews a trial court decision rendered by a relative arise in the present circumstances. "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have

done so." *In re Disqualification of Shuff,* 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. Although Judge Celebrezze's father is no longer involved in the underlying proceedings, there remains a concern that the judge will be unable to preside over the case with total impartiality in view of her father's past participation, particularly when she is called upon to revisit prior rulings rendered by her father. A reasonable observer would be justifiably concerned that the judge would unduly favor her father's prior rulings, or Judge Celebrezze may feel compelled "to depart from the expected judicial detachment," id., to make it appear that she is not. And such concerns would appear to be more acute in domestic-relations cases where trial judges often find it necessary to modify – and even terminate – prior orders regarding custody, child support, and spousal support due to a change in the parties' circumstances.

{¶ 14} In fact, here Judge Leslie Ann Celebrezze has demonstrated that she will continue to engage in the questionable use of Dottore's services initiated by James Celebrezze. Indeed, if Jud.Cond.R. 2.11(A)(6) was searching for a rationale, it has been found.

{¶ 15} Jud.Cond.R. 2.11(A) provides that a judge's "impartiality might reasonably be questioned" if that judge presides over a proceeding in which a person within the third degree of relationship to the judge also acted as a judge. For the foregoing reasons, the affidavit of disqualification is granted. Accordingly, it is ordered that Judge Celebrezze participate no further in these proceedings. The Domestic Relations Division of the Cuyahoga County Common Pleas Court shall assign the case to another judge of that court.

————————————