IN RE DISQUALIFICATION OF SERROTT.

OHIOHEALTH CORPORATION ET AL. *v.* HEART SPECIALISTS

OF OHIO, INC., ET AL.

[Cite as *In re Disqualification of Serrott,* 134 Ohio St.3d 1245,

2012-Ohio-6340.]

*Judges—Affidavit of disqualification—Disqualification denied.*

(No. 12-AP-022—Decided March 21, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas

Case No. 11-CVH11-13611.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Peter W. Hahn, co-counsel for the defendants in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Mark A. Serrott from presiding over any further proceedings in case No. 11-CVH11-13611, a civil action now pending in the Court of Common Pleas of Franklin County.

**{¶ 2}** Attorney Hahn alleges that Judge Serrott, prior to his election to the bench, was the divorce attorney for plaintiffs' counsel, Steven Tigges. According to Hahn, Judge Serrott represented Tigges in divorce proceedings that spanned over ten years, yet the judge never disclosed this information to defendants. In addition, Hahn contends that Judge Serrott has taken "affirmative steps" to retain this case by denying a motion to transfer the case to the commercial docket. Based on the foregoing, Hahn maintains that an appearance of impropriety exists in the underlying case that warrants Judge Serrott's disqualification.

**{¶ 3}** Judge Serrott has responded in writing to the concerns raised in the affidavit. The judge concedes that he was Tigges's divorce attorney, but he does not believe that this is grounds for disqualification. He maintains that Hahn's assertion of a ten-year attorney-client relationship is not accurate and does not reflect the reality of the divorce proceedings. According to the judge, his representation of Tigges ended in 1999, was "minor and routine," and consisted of agreed-upon matters involving no more than 10 to 12 hours of legal work. As to the failure to disclose his former attorney-client relationship with Tigges, Judge Serrott asserts that he was not trying to conceal anything but that he simply did not remember representing Tigges. The judge avers that the divorce case is completely unrelated to the underlying action, his prior representation of Tigges has not influenced any ruling, and the procedural history of the underlying case indicates that he has been fair and impartial.

**{¶ 4}** Attorney Tigges has also filed a response opposing the affidavit of disqualification. According to Tigges, Judge Serrott's actions as his attorney were "sporadic, a few days here and there, and addressed almost entirely uncontested issues." Tigges states that the judge has not represented him since 1999 and that for the past 13 years their relationship has been strictly professional.

**{¶ 5}** For the following reasons, no basis has been established for ordering the disqualification of Judge Serrott.

Judge's Prior Representation of Plaintiffs' Counsel

**{¶ 6}** The fact that Judge Serrott previously represented plaintiffs' counsel in divorce proceedings does not require the judge's disqualification from the underlying case. A judge's prior representation of a party in matters wholly unrelated to a matter pending before the judge does not compel the judge's disqualification, unless there is a specific showing of actual bias on the part of the judge. *See In re Disqualification of Berens*, 117 Ohio St.3d 1235, 2005-Ohio-7155, 884 N.E.2d 1088, ¶ 5 (judge represented a defendant in an earlier, unrelated

criminal case). *See also In re Disqualification of Morley*, 74 Ohio St.3d 1265, 657 N.E.2d 1363 (1994) (disqualification not required when a defendant's counsel represented the judge in a prior lawsuit but the attorney-client relationship no longer exists).

**{¶ 7}** Attorney Hahn has made no attempt to show that Judge Serrott harbors an actual bias against the defendants stemming from his prior representation of plaintiffs' counsel. Hahn apparently believes that a lesser standard than actual bias should apply to this issue. According to Hahn, the scope of the attorney-client relationship between the judge and Tigges, coupled with the judge's failure to disclose that relationship to the defendants, creates an appearance of impropriety that would cause a reasonable person to question Judge Serrott's impartiality in the underlying case. But Hahn has failed to articulate a clear argument as to why the court should divert from the prevalent American rule articulated in *Berens* and apply the easier to satisfy appearance-of-impropriety standard. Accordingly, Hahn's claim that the judge's prior representation of plaintiffs' counsel demonstrates an appearance of impropriety is rejected.

Judge's Failure to Disclose

**{¶ 8}** Hahn also contends that the judge's failure to disclose his prior professional relationship with plaintiffs' counsel creates an appearance of impropriety. The facts of this case, however, do not demonstrate any appearance of impropriety.

**{¶ 9}** Hahn first argues that the judge should have disclosed to the defendants that he had represented Tigges upon the filing of the plaintiffs' complaint in November 2011. According to Hahn, Judge Serrott represented Tigges "for more than ten years in a divorce proceeding, from before the divorce, through various post-divorce proceedings." Hahn complains that, despite this "more than ten-year representation," the judge failed to notify the parties that he had previously represented Tigges.

{¶ 10} For his part, Judge Serrott avers that he was not trying to hide anything from defense counsel, but that he simply forgot about his representation of Tigges. He states that Tigges's divorce case was one of thousands of cases he has handled in 32 years of practice. Moreover, the judge notes that Tigges's case ended in 1999, was not a complex or contentious proceeding, and involved only routine legal matters.

{¶ 11} In an affidavit-of-disqualification proceeding, the burden falls on the affiant to include specific argument and evidence to support the disqualification request. *See* R.C. 2701.03(B)(1) (affiant is required to assert specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). The evidence submitted by Hahn in this case falls short of carrying that burden. Hahn offered only a copy of the online docket in Tigges's divorce case. The docket, according to Hahn, reflects "nearly fifteen instances in which Judge Serrott signed, filed, or accepted pleadings on Mr. Tigges's behalf" and captures the "nature and scope" of the attorney-client relationship between the judge and Tigges.[1] But this is hardly convincing proof in support of the disqualification request. The fact that the judge may have appeared numerous times on Tigges's behalf does not undercut the judge's assertion that he had forgotten about the case, because it was litigated 12 years ago and involved only routine legal matters. In the face of the judge's explanation, and in the absence of any evidence from Hahn calling that explanation into dispute, Judge Serrott cannot be faulted for failing to disclose the existence of something that he no longer remembered. On this record, no reasonable and objective observer would harbor serious doubts about the impartiality of Judge Serrott. *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d

---

1. Hahn states that he sent a "runner" to the Franklin County Common Pleas Court to retrieve the official public records of the divorce proceeding "to further confirm the nature and scope of the prior attorney-client relationship" between Judge Serrott and Tigges. Hahn did not, however, submit those documents with his affidavit of disqualification.

1082, ¶ 8 (setting forth the proper test for disqualifying a judge based on an appearance of impropriety).

**{¶ 12}** Hahn alternatively asserts that Judge Serrott failed to disclose this information in February 2012, even after he recalled on his own that he had been counsel for Tigges. Judge Serrott has admitted that sometime around February 20, 2012, "something jogged [his] memory" and he remembered that he had represented Tigges in his divorce case. But even after his recollection, Judge Serrott "did not give any thought to disclosing this to the parties because [he] did not believe it was grounds for disqualification."

**{¶ 13}** As Hahn notes, Jud.Cond.R. 2.11, Comment 5, states that "[a] judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, *even if the judge believes there is no basis for disqualification*." (Emphasis added.) Thus, once the judge recalled that he had represented plaintiffs' counsel, he should have disclosed this information to the parties.

**{¶ 14}** But contrary to Hahn's assertion, the judge's disqualification is not mandated for failing to disclose this information. The official comments are not binding or enforceable. Rather, they are intended to "provide guidance regarding the purpose, meaning, and proper application of the rules." *See* Code of Judicial Conduct, Scope at ¶ 3. Moreover, the comments cannot prevail over the rule itself. *See In re Disqualification of Celebrezze*, 127 Ohio St.3d 1217, 2009-Ohio-7207, 937 N.E.2d 1009, ¶ 12. To be sure, Jud.Cond.R. 2.11(A)(7)(a) requires a judge to step aside from a case if the judge "served as a lawyer in the matter in controversy." But nothing in the rule compels the judge's disqualification where—as here—the judge previously represented a party's lawyer in an unrelated matter.

Judge's Refusal to Transfer Case

**{¶ 15}** As a final matter, Hahn alleges that Judge Serrott has taken "affirmative steps" to retain this case on his docket. Hahn complains that the judge denied his motion to transfer the case to the commercial docket, "even though the subject matter of the litigation falls squarely within the definition of a qualifying commercial case." This allegation need not detain the court for long, for a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. *See also In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4 (an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law").

**{¶ 16}** Moreover, no bias or prejudice is evident in the judge's ruling. The record here reflects that Judge Serrott's ruling was appealed to Administrative Judge Schneider, who upheld the ruling.

Conclusion

**{¶ 17}** "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

**{¶ 18}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Serrott.

_____