Argued and submitted November 26, 2013, reversed and remanded
June 18, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY SHUTOFF,
*Defendant-Appellant.*

Marion County Circuit Court
10C46803; A149773

330 P3d 1237

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Peenesh Shah, Senior Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jake J. Hogue, Assistant Attorney General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

After a bench trial, defendant was convicted of one count of interfering with a peace officer. ORS 162.247. He appeals, raising two assignments of error. We write to address only the argument that the trial court erred by proceeding with defendant's trial in his absence. Because we conclude that the trial court erred in allowing defendant's trial to proceed in his absence, we reverse and remand.[1]

The facts pertinent to our disposition are procedural and undisputed. The state charged defendant with one count of interfering with a peace officer, a misdemeanor. ORS 162.247(2).[2] In February 2011, the trial court informed defendant that, if he waived his right to a jury trial, his trial would be held on April 8, 2011. On March 8, 2011, defendant waived his right to a jury trial. Defendant was not present when his case was called for trial on April 8, 2011. Over his attorney's objection, the trial court proceeded to trial in defendant's absence, noting that "under ORS 136.040, if this is a misdemeanor * * *, the defendant's presence is not required[.]" When defendant's attorney renewed his objection, the trial court concluded that defendant's absence was voluntary because defendant had "been here before." The court proceeded with defendant's trial, and, as noted, defendant was convicted.

A criminal defendant has a statutory right to be present at trial. ORS 136.040.[3] *See State v. Harris*, 47 Or App 529, 531-32, 614 P2d 628 (1980), *rev'd on other grounds*, 291 Or 179, 630 P2d 332 (1981) ("ORS 136.040 has been repeatedly and emphatically held to require the presence of felony defendants during their trials."); *In re Jordan*, 290 Or 669, 672-73, 624 P2d 1074 (1981) (same rule of presence applies to felony and misdemeanor trials). However, a defendant may waive the right to be present at trial. *Harris*, 291

---

[1] Defendant also argues that the trial court erred in denying his motion for judgment of acquittal. We reject that argument without further discussion.

[2] The state also charged defendant with one count of interfering with a law enforcement animal, ORS 167.337, but that charge was dismissed before trial.

[3] ORS 136.040(1) provides:

"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."

Or at 185. A valid waiver requires evidence sufficient to support a finding that the defendant intentionally relinquished a known right. *Jordan*, 290 Or at 672-73; *State v. Kesch*, 150 Or App 288, 291, 946 P2d 322 (1997). Whether an absent defendant has validly waived the right to be present at trial turns on whether the defendant's absence and additional facts were sufficient to allow the trial court to conclude that the defendant intentionally relinquished that known right. *State v. Peters*, 119 Or App 269, 274, 850 P2d 393 (1993); *see also State v. Kittel*, 203 Or App 736, 742, 127 P3d 1204 (2006) (a court errs when it commences a criminal trial in the absence of the defendant without sufficient evidence to support a finding that the defendant voluntarily waived his right to be present) (citing *Jordan*, 290 Or at 672-73). In other words, a criminal trial may proceed in the defendant's absence only if there is a sufficient factual basis for concluding that the defendant voluntarily is absent from a trial that the defendant knows is occurring. *Harris*, 291 Or at 187.

In *Harris*, the defendant had been present in the courtroom on Friday when the judge announced that the trial would resume on Monday. The defendant did not appear for trial that Monday. The defendant's attorney had been unable to reach the defendant by telephone calls to his brother or father, with whom the defendant was supposed to be living under the terms of his custody agreement. The court excused the jury until Tuesday. On Tuesday, the defendant's attorney reported that he had looked for the defendant "in his usual haunts," had attempted to contact him by telephone calls to every number he could think of, and had advised his family that he was needed in court. Nonetheless, the defendant did not appear in court on Tuesday. The trial court granted the defendant's attorney one more day to reach other persons who might have had information about the defendant's whereabouts. On Wednesday morning, with the defendant still absent, the defendant's attorney reported that he had left messages with "everybody" but still had not heard from the defendant. At that point, the court proceeded with trial in the defendant's absence. 291 Or at 186. The Supreme Court concluded that the trial court was aware, at the time it proceeded in the defendant's absence, of sufficient information to support a conclusion that the defendant's absence was voluntary. *Id.* at 187.

By contrast, in *State v. Turner*, 99 Or App 176, 781 P2d 404 (1989), the defendant's attorney had advised the defendant of the time and place of trial and had told him that the court could issue a warrant if he did not appear. When the defendant did not appear, the trial court denied his attorney's request to continue the trial and proceeded with trial in the defendant's absence. *Id.* at 178. We distinguished *Harris* and held that the information available to the trial court in *Turner* was not sufficient to support a conclusion that the defendant's absence was voluntary:

> "Here, the court knew only that defendant was not present and that his lawyer had said that he had told him of the time and place of trial. [The trial court] did not permit any additional opportunity for counsel to attempt to produce him or to discover why he failed to appear. We hold that, on only those facts, the court erred in denying defendant the opportunity to appear at trial."

*Id.* at 179. Thus, where the only information available is that a defendant is absent and was told the date of trial, a trial court lacks sufficient information to conclude that the defendant's absence is voluntary.

This case resembles *Turner* more than *Harris*. As in *Turner*, the only information available to the trial court when it decided to proceed in defendant's absence was that defendant had been told the date of trial and that defendant was absent. Unlike in *Harris*, the trial court had before it no additional information that could have supported a conclusion that defendant's absence was voluntary. As noted, in concluding that defendant's absence was voluntary, the court observed that defendant had "been here before." To the extent that the trial court referred to the fact that defendant had been in court in February 2011 when the court informed him of his trial date, that is evidence that defendant had been told the date of trial. However, as in *Turner*, evidence that a defendant was told the date of trial— standing alone—is not sufficient to support a conclusion that defendant's absence from his criminal trial is voluntary.

Reversed and remanded.