IN RE DISQUALIFICATION OF SPENCER.

STATE *v*. CAMPBELL.

[Cite as *In re Disqualification of Spencer,* ___ Ohio St.3d ___,

2015-Ohio-3949.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to demonstrate bias or prejudice—Disqualification denied.*

(No. 15-AP-047—Decided June 3, 2015.)

ON AFFIDAVIT OF DISQUALIFICATION in Adams County Court of Common Pleas Case No. 20120252.

_____

O'CONNOR, C.J.

{¶ 1} Herman A. Carson, counsel for defendant Roscoe Campbell, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Brett M. Spencer from the above-captioned case, now pending for resentencing.

{¶ 2} Carson claims that in 2005, Judge Spencer recused himself from a case involving defendant Campbell due to a "professional conflict." Carson states that his client, defendant Campbell, believes that if a conflict existed in 2005, then the same conflict should mandate Judge Spencer's disqualification from the underlying matter. Accordingly, Carson avers that he filed the affidavit of disqualification at the direction of his incarcerated client.

{¶ 3} Judge Spencer has responded in writing to the affidavit, denying any bias or prejudice in this case. Judge Spencer explains that years prior to taking the bench in February 2005, he represented Campbell in a traffic matter. In August 2005, the judge recused himself from a case involving Campbell to avoid any appearance of sympathy for a former client. However, by 2012, when the

underlying case commenced, Judge Spencer determined that given the amount of time that had passed since he had represented Campbell, his recusal was no longer necessary in cases involving Campbell. The judge is confident that when he was assigned this case in 2012, he addressed this potential conflict with Campbell and his then defense counsel.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Spencer.

{¶ 5} First, Campbell has waived his right to disqualify Judge Spencer on the ground that the judge recused himself from Campbell's 2005 case. An affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The affiant has the burden to demonstrate that the affidavit is timely filed. *In re Disqualification of Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 11. Here, Campbell could have filed an affidavit of disqualification in 2012 when the underlying case was first assigned to Judge Spencer. However, neither Carson nor Campbell has explained why they are only now requesting disqualification— years after commencement of the 2012 case and when the only pending matter is resentencing. As nothing in the record justifies the delay in filing the affidavit, Campbell has waived the right to disqualify Judge Spencer on this ground.

{¶ 6} Second, even if Campbell had not waived this objection, the affidavit does not set forth sufficient grounds for disqualification. "A judge's prior representation of a party in matters wholly unrelated to a matter pending before the judge does not compel the judge's disqualification, unless there is a specific showing of actual bias on the part of the judge." *In re Disqualification of Serrott*, 134 Ohio St.3d 1245, 2012-Ohio-6340, 984 N.E.2d 14, ¶ 6. Carson has

2

made no attempt to show that Judge Spencer harbors bias against Campbell stemming from the judge's representation of Campbell in an unrelated traffic matter over a decade ago. Additionally, "a judge's voluntary removal from an earlier case does not, by itself, support disqualification from an unrelated case involving that same party or attorney." *In re Disqualification of Celebrezze*, 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 7. Judge Spencer has sufficiently explained the circumstances that caused him to recuse himself from Campbell's 2005 case, and he reasonably concluded that recusal is no longer necessary.

{¶ 7} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Spencer.

_____