O'Connor, C.J.
*1224 {¶ 1} Plaintiff, Rosanna Miller, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge William Goslee from presiding over any further proceedings in the above-referenced wrongful-death lawsuit that Ms. Miller filed regarding her father.
{¶ 2} Ms. Miller claims that Judge Goslee has a conflict of interest and should be removed from the underlying case for the same reasons that he recused himself from another proceeding involving Ms. Miller. According to Ms. Miller, Judge Goslee recused himself in the other matter because he has "deep rooted history, background and personal knowledge" of the Miller family, which includes previously representing the family and, while he served as prosecuting attorney, investigating the circumstances of her mother's death. Ms. Miller also claims that Judge Goslee has personal knowledge of disputed facts in the underlying case and that he will be a witness in the proceedings.
{¶ 3} Judge Goslee has responded in writing to the affidavit and denies any bias or prejudice against Ms. Miller. The judge states that he recused from the other proceeding because he was unavailable for the first conference-not because of his familiarity with the Miller family. Judge Goslee acknowledges that in 2005 and thereafter, he represented Ms. Miller's parents in two lawsuits and that based on his professional interactions with them, he later testified in a probate matter regarding the competency of Ms. Miller's father. The judge also acknowledges that while he served as prosecuting attorney, he reviewed evidence regarding *16 the death of Ms. Miller's mother. But according to the judge, he has not reviewed any evidence relating to the underlying wrongful-death lawsuit regarding Ms. Miller's father. Judge Goslee concludes that his prior knowledge of the Miller family is not relevant to the underlying case and will not affect his ability to remain impartial.
{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Goslee.
{¶ 5} First, Judge Goslee has sufficiently explained the circumstances that caused him to recuse from the separate case involving Ms. Miller. "[A] judge's voluntary removal from an earlier case does not, by itself, support disqualification from an unrelated case involving that same party or attorney." In re Disqualification of Celebrezze, 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 7.
{¶ 6} Second, "[a] judge's prior representation of a party in matters wholly unrelated to a matter pending before the judge does not compel the judge's *1225 disqualification, unless there is a specific showing of actual bias on the part of the judge." In re Disqualification of Serrott , 134 Ohio St.3d 1245, 2012-Ohio-6340, 984 N.E.2d 14, ¶ 6. And for judges who formerly served as government lawyers, they must disqualify themselves from matters in which they " 'participated personally and substantially as a lawyer * * * concerning the [* * *] particular matter' " before the court. (Ellipses in Hedric ; brackets added.) In re Disqualification of Hedric , 127 Ohio St.3d 1227, 2009-Ohio-7208, 937 N.E.2d 1016, ¶ 5, quoting Jud.Cond.R. 2.11(A)(7)(b). Here, Ms. Miller has failed to establish that Judge Goslee's prior professional interactions with her family members are related to the underlying wrongful-death lawsuit. And absent any other evidence, there is no reason to conclude that Judge Goslee holds any bias or prejudice as a result of those prior professional activities.
{¶ 7} Third, Ms. Miller's supposition that Judge Goslee will be a witness in the underlying case is insufficient to remove him. "Mere allegations that a judge will be called as a witness in a pending case will not require the judge's disqualification." In re Disqualification of Watson , 81 Ohio St.3d 1207, 1208, 688 N.E.2d 512 (1997). If Judge Goslee ultimately concludes that he is likely to be a material witness, he must disqualify himself, as Jud.Cond.R. 2.11(A)(2)(d) directs. Every litigant is entitled to have his or her case decided by a judge who can approach the case in an objective and impartial manner, and a judge who possesses personal knowledge of evidentiary facts that are in dispute may not be able to meet this criterion. However, Ms. Miller's affidavit does not establish that Judge Goslee possesses evidence that is necessary for issues pending before the court or unobtainable from other witnesses. In re Disqualification of Matia, 135 Ohio St.3d 1246, 2012-Ohio-6343, 986 N.E.2d 8, ¶ 10-11.
{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge Goslee.