O'Connor, C.J.
*1305 {¶ 1} Plaintiff, Tumanya Jones, and her attorney, Mary Ansbro, have filed affidavits with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Rocky Coss from presiding over any further proceedings in the above-referenced divorce case.
{¶ 2} Ms. Jones claims that Judge Coss should be removed for a variety of reasons, including that he allegedly has an "extensive personal relationship with the defendant." Ms. Jones also criticizes many of the judge's rulings and comments throughout the litigation. Ms. Ansbro avers that Judge Coss recently attempted to modify the final divorce decree-despite Ms. Jones's pending appeal-and that the *191 judge's conduct may be "designed to punish Plaintiff for daring to appeal the Final Decree of Divorce."
{¶ 3} Judge Coss has responded in writing to the affidavits. The judge denies any bias and believes that he has acted fairly and impartially throughout the case.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Coss.
{¶ 5} As an initial matter, an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." In re Disqualification of O'Grady, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Many of Ms. Jones's allegations have been known to her since the beginning of this case. For example, the record shows that in May 2017, she requested that Judge Coss recuse himself based on his alleged personal relationship with the defendant, and in June 2017, Judge Coss denied her request. Yet Ms. Jones did not file her affidavit of disqualification until over a year later-after Judge Coss had presided over the trial and issued the divorce decree. Because nothing in the record justifies the delay in filing the affidavit, Ms. Jones *1306 has waived the right to disqualify Judge Coss based on the allegations raised in her recusal motion. See, e.g., In re Disqualification of Spencer , 144 Ohio St.3d 1201, 2015-Ohio-3949, 41 N.E.3d 419, ¶ 5 (affiant waived objections to a judge when the affiant could have sought disqualification when the judge was initially assigned to the matter but the affiant waited until resentencing).
{¶ 6} Even if Ms. Jones had not waived some of her objections, both she and Ms. Ansbro have failed to set forth sufficient grounds for disqualification. "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Further, "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." In re Disqualification of Celebrezze , 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Upon review of the allegations in the affidavits, Ms. Jones and Ms. Ansbro have not established that Judge Coss has hostility toward the plaintiff or favoritism toward the defendant, combined with a fixed anticipatory judgment on any remaining issue in the case. Nor have they established the existence of any "extraordinary circumstances" necessitating Judge Coss's removal at this late stage of the litigation.
{¶ 7} For example, many of Ms. Jones's allegations involve her disagreement or dissatisfaction with Judge Coss's rulings. But it is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14 ; see also In re Disqualification of Light , 36 Ohio St.3d 604, 522 N.E.2d 458 (1988) ("alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification"). And Judge Coss has explained his reasons for recently attempting to modify the sale terms of the parties' marital property-despite Ms. Jones's pending appeal.
*192 Whether Judge Coss has authority to modify those terms is not an issue that can be decided in a disqualification request. But the record here does not support a finding that the judge's conduct was the product of bias against Ms. Jones or retaliation against her for filing an appeal.
{¶ 8} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.)
*1307 In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 9} The affidavit of disqualification is denied.